## SHALLUS *v.* UNITED STATES (No. 535)[1]

1. STATUTORY CONSTRUCTION.

It is true the latest clear expression of legislative intention controls in construction, but it is true also that reasonable effect should be given to all parts of the statute under consideration and regard will be had for the presumption that where a law has received an executive and a judicial interpretation, and is later reenacted, this interpretation was in view on reenactment.

2. COTTON CLOTH, FILLED OR COATED.

It would appear that Congress intended paragraph 321, tariff act of 1909, reenacting and enlarging paragraph 311, tariff act of 1897, to take the construction theretofore given it so far as it applied to the same merchandise named in each paragraph and that certain window shades and filled cloths formerly held dutiable thereunder should so continue regardless of the fact that it is possible to count the number of warp and filling threads of the basic fabric, which might, but for the specific provisions of paragraph 321, render the merchandise dutiable under paragraph 315.

3. "COTTON CLOTH" IN PARAGRAPH 320, TARIFF ACT OF 1909, DEFINED.

The words cotton cloth or cloth, wherever used in paragraph 320, tariff act of 1909, have the same meaning the first clause of that paragraph declares they shall have when applied to other paragraphs, Schedule I of that act.

### United States Court of Customs Appeals, April 24, 1911.

APPEAL from a decision of the Board of United States General Appraisers, Abstract 24263 (T. D. 31070).

*T. Spence Creney* for appellant.

*D. Frank Lloyd,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case is cotton cloth which has been subjected to several coats of paint until the interstices of the cloth are completely filled, giving it an appearance somewhat similar to oilcloth. It appears to be known in trade as Lancaster window-blind cloth. The collector assessed the merchandise as cotton cloth, filled or coated, under paragraph 321 of the tariff act of August 5, 1909, the pertinent provisions of which are as follows:

321. Cloth, composed of cotton or other vegetable fiber and silk, whether known as silk-striped sleeve linings, silk stripes, or otherwise, of which cotton or other vegetable fiber is the component material of chief value, eight cents per square yard and thirty per centum ad valorem: *Provided,* That no such cloth shall pay a less rate of duty than fifty per centum ad valorem. Cotton cloth filled or coated, all oilcloths (except silk oilcloths and oilcloths for floors), and cotton window Hollands, three cents per square yard and twenty per centum ad valorem; tracing cloth, five cents per square yard and twenty per centum ad valorem.

The Board of General Appraisers affirmed the decision of the collector.

---

The importer contended before the board and here that the merchandise is dutiable under paragraph 315 when read in connection with paragraph 320 of the same act. The material portions of these respective paragraphs are as follows:

315. \* \* \* Cotton cloth, exceeding fifty and not exceeding one hundred threads to the square inch, counting the warp and filling, if dyed, colored, stained, painted, or printed, and valued at not over twelve cents per square yard, not exceeding six square yards to the pound, two and three-fourths cents per square yard; \* \* \* .

320. The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or cut in lengths, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practical means, and shall not include any article, finished or unfinished, made from cotton cloth. In determining the count of threads to the square inch in cotton cloth, all the warp and filling threads, whether ordinary or other than ordinary, and whether clipped or unclipped, shall be counted. In the ascertainment of the weight and value, upon which the duties, cumulative or other, imposed upon cotton cloth are made to depend, the entire fabric and all parts thereof, and all the threads of which it is composed, shall be included. The terms bleached, dyed, colored, stained, mercerized, painted, or printed, wherever applied to cotton cloth in this schedule, shall be taken to mean respectively all cotton cloth which either wholly or in part has been subjected to any of these processes, or which has any bleached, dyed, colored, stained, mercerized, painted, or printed threads in or upon any part of the fabric.

The issue involved is purely one of law.

No question appears to be made that if the merchandise is not dutiable under paragraph 321 it is dutiable under that part of paragraph 315, above quoted, as claimed by the appellant.

The appellant strenuously contends that the merchandise involved in this case is painted or printed cotton cloth, as defined in the last clause of paragraph 320, and that therefore it comes within the rate determining provisions of paragraph 315 relating thereto, as above quoted.

The United States contends that paragraph 320 relates to cotton cloth not otherwise specially provided for; that the cotton cloth involved in this case is otherwise specially provided for in that it is specifically dutiable under said paragraph 321 as "cotton cloth filled or coated"; and that it is not entitled to entry as countable cotton cloth under paragraph 315.

It appears that paragraph 311 of the act of 1897, so far as applicable to the merchandise in this case, is identical with paragraph 321 of the act of 1909, and it is conceded that the act of 1897 contains no paragraph corresponding to paragraph 320. It also appears that merchandise like that involved here was uniformly classified and assessed for duty under paragraph 311 of the act of 1897, and that this classification was sustained by the Board of General Appraisers and by the courts.

An examination of several of the preceding paragraphs of the act of 1909 indicates that paragraph 320 was designed to define certain terms used in, and to serve as a guide for the construction of, the paragraphs which relate to cotton cloth, the dutiable rates of which depend upon the number of threads of warp and filling used in their manufacture and the weight and value per square yard of the fabric, all considered with reference to whether the fabric was bleached, dyed, colored, stained, painted, or printed, in whole or in part, or as to whether the threads composing the same were so treated.

The appellant urges that paragraph 320 is the latest expression of legislative will upon the subject; that it mandatorily requires the merchandise in question to be assessed as painted cotton cloth; and that, if painted, cotton cloth is expressly taken out of the provisions of paragraph 321, although the interstices of the fabric may be entirely filled, so that but for the provisions of paragraph 320 it would clearly be dutiable under paragraph 321.

We do not think the appellant's position is tenable.

The opening clause of paragraph 320 relates to cotton cloth not otherwise specially provided for, and we think in the last clause of the paragraph, upon which appellant really rests his claim, the term cotton cloth is used, as it is defined in the first clause, as applicable to cotton cloth not otherwise specially provided for.

It would seem that the provisions as to determining the count of threads to the square inch, for the ascertainment of weight and value, and for the application of the terms bleached, dyed, colored, stained, mercerized, painted, or printed were directed rather to the administration of the law than for the purpose of affirmatively establishing a rule for classification broader than that laid down in the first sentence of the paragraph, which is limited to cotton cloth not otherwise specially provided for. In other words, by the opening clause of the paragraph it is enacted that the term cotton cloth, or cloth, wherever used in Schedule I shall relate to cotton cloth not otherwise specially provided for, and if we give to the words cotton cloth, or cloth, in the other clauses of paragraph 320 the meaning that the first clause declares shall attach thereto, the last clause would in effect establish that the terms bleached, dyed, colored, stained, mercerized, painted, or printed, wherever applied to cotton cloth, should be deemed as applying only to cotton cloth not otherwise specially provided for.

This is but another mode of stating that the words cotton cloth, or cloth, wherever used in paragraph 320 should have the same meaning as the first clause of the paragraph declares they shall receive when applied to other paragraphs of Schedule I.

While due recognition must always be given to the rule that the latest clear expression of legislative will shall control, regard must also be had to the other rules of interpreting statutes, namely, that Congress is presumed to have legislated in view of the executive and judicial interpretation a statute has received and that effect must be given if possible to all parts of the statute under consideration.

Now, at the same time that paragraph 320 was enacted paragraph 311 was, so far as relates to this merchandise, reenacted and it was broadened to include certain oilcloths, also cotton window Hollands, which are window shades, as are the importations here, but which had been held not to be classifiable under paragraph 311 of the act of 1897 because it did not appear that the interstices of the cotton cloth base were completely filled by the ingredients used for the purpose. See United States *v.* Pinney, Casse & Lackey Co. (105 Fed. Rep., 934).

It would therefore appear that Congress intended that paragraph 311 as reenacted in paragraph 321 should, as to cotton cloth filled or coated, receive the same construction which theretofore had been given it, that cotton window Hollands not before held dutiable under the paragraph should thereafter be deemed so, and that certain oilcloths should be classifiable thereunder. We think this is indicative of a congressional intent to place in the same classification certain window shades, oilcloths, and filled cloths possessing the characteristics of opaqueness and flexibility like the merchandise here and like oilcloths, regardless of the fact that it is possible to count the number of warp and filling threads of the basic fabric.

This construction leaves ample opportunity to apply the words painted or printed to other cotton cloth dutiable under the provisions of the countable paragraphs, because it is obvious that such cloth may be painted or printed and still not be in such a condition that the interstices are completely filled or the cloth thereby rendered opaque.

We think the construction most favorable to the appellant's claim which the paragraphs under consideration can receive would be that the merchandise is properly classifiable under either paragraph 315 or 321, in which event the application of the last sentence of paragraph 481, to the effect that the highest of two applicable rates must be imposed, would seem to call for an assessment of duty under paragraph 321, but we do not put this decision upon that ground.

We hold the merchandise dutiable as cotton cloth filled, under paragraph 321, and it follows that the judgment of the Board of General Appraisers is *affirmed.*

MONTGOMERY, Presiding Judge, and SMITH, DE VRIES, and MARTIN, Judges, concur.