UNITED STATES v. AMERICAN THERMO-WARE CO. (No. 190).[1]

1. "OR PARTS THEREOF" IN PARAGRAPH 108, TARIFF ACT OF 1897.
   Avoiding what would be a conflict between paragraphs 108 and 109 in the tariff act of 1897, the words "or parts thereof" in the former paragraph must be taken to refer not to spectacles, eyeglasses or goggles, but to the frames for these.

2. OVAL-SHAPED GLASSES USED TO MANUFACTURE AUTOMOBILE GOGGLES.
   Oval-shaped glasses suitable for use in the manufacture of automobile goggles were dutiable under paragraphs 101 and 107, tariff act of 1897.

United States Court of Customs Appeals, May 1, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York, G. A. 6961 (T. D. 30266).
[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.
*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellee.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

SMITH, Judge, delivered the opinion of the court:
An importation of oval-shaped glasses, suitable for the manufacture of automobile goggles, was classified by the collector of customs at the port of New York as "ground and polished coquille glasses" and assessed for duty under the provisions of paragraph 109 of the tariff act of July 24, 1897, which paragraph reads as follows:

109. Lenses of glass or pebble, ground and polished to a spherical, cylindrical, or prismatic form, and ground and polished plano or coquille glasses, wholly or partly manufactured, with the edges unground, forty-five per centum ad valorem; if with their edges ground or beveled, ten cents per dozen pairs and forty-five per centum ad valorem.

[1] Reported in T. D. 31571 (20 Treas. Dec., 949).

The importer protested that the goods were not ground and polished coquille glasses, but common window glass, bent, and therefore dutiable under the provisions of paragraphs 101 and 107 of said act, the parts of which paragraphs pertinent to the case are as follows:

101. Unpolished, cylinder, crown, and common window glass, not exceeding ten by fifteen inches square, one and three-eighths cents per pound; * * *.

107. * * * common window glass * * * when bent, * * * shall be subject to a duty of five per centum ad valorem in addition to the rates otherwise chargeable thereon.

The Board of General Appraisers sustained the claim of the importers in this behalf and the Government appealed to the United States Circuit Court for the Southern District of New York, which appeal has been transferred to this court for determination in accordance with the provisions of the tariff act of August 5, 1909.

The evidence submitted on the hearing shows without contradiction and the board finds that none of the glasses are ground or polished. As paragraph 109 covers only lenses and plano or coquille glasses which have been ground and polished, it is evident that the classification and assessment made by the collector can not be sustained.

The Government, however, insists that the merchandise is dutiable under paragraph 108, which is as follows:

108. Spectacles, eyeglasses, and goggles, and frames for the same, or parts thereof, finished or unfinished, valued at not over forty cents per dozen, twenty cents per dozen and fifteen per centum ad valorem; valued at over forty cents per dozen and not over one dollar and fifty cents per dozen, forty-five cents per dozen and twenty per centum ad valorem; valued at over one dollar and fifty cents per dozen, fifty per centum ad valorem.

In our opinion, the contention can not be successfully maintained. The glasses imported are not mounted and therefore can not be considered as spectacles, eyeglasses, or goggles, which terms necessarily carry with them the idea of suitably prepared glass or pebble or similar material so fitted to frames that it can be worn as an aid or protection to the eyes. True, the goods imported are admittedly parts of goggles, but then the question arises as to whether paragraph 108 really provides or was intended to provide for parts of the completed article. We think not. The language "or parts thereof" in the paragraph just mentioned does not refer to spectacles, eyeglasses, or goggles, but to the "frames for the same." Had the phrase "or parts thereof" been intended to relate back to all that preceded it, the conjunction "and" would not have been repeated, and that part of the paragraph would have been made to read as follows: "Spectacles, eyeglasses, goggles, and frames for the same, or parts thereof." Indeed, if it had been intended to impose a duty on spectacles, eyeglasses, goggles, *and parts thereof*, all reference to the frames might well have been omitted, inasmuch as frames are essential parts of the completed articles. Punctuation is not always

a safe guide to the interpretation of laws, as experience shows that they are not infrequently salted and peppered with commas quite at variance with what the lawmaker really intended to say. That "parts thereof" refers to the frames and not to the spectacles, eyeglasses, or goggles themselves, seems to be further borne out by the fact that under the construction urged by the Government paragraphs 108 and 109 would be brought into conflict to some extent; that is to say, ground and polished lenses, plano or coquille glasses, which are constituent *parts* of spectacles, eyeglasses, and goggles, would become dutiable under paragraph 108 as parts of such articles and under paragraph 109 as ground and polished lenses, plano or coquille glasses. We believe that the insertion of the words "or parts thereof" after "frames for the same" was designed to meet a decision of the Board of General Appraisers holding that side pieces or parts of frames could not be assessed as frames under paragraph 119 of the tariff act of 1890, which made provision for spectacle and eyeglass frames, but not for parts thereof. (T. D. 11374.) True, the amendment was not made in the tariff act immediately succeeding the decision; but, as defects in laws are not always promptly remedied, a failure to amend at the first opportunity scarcely justifies the inference that the defects were not in the legislative mind when, on a subsequent occasion, language was used adequate to remedy them.

The decision of the Board of General Appraisers is *affirmed.*