PETRY CO. *v.* UNITED STATES (No. 2219).[1]

1. RELATIVE SPECIFICITY.

The provisions of paragraph 376, tariff act of 1913, for "works of art" are clearly more specific than those of paragraph 98 for manufactures of marble.

2. CONSTRUCTION, PARAGRAPH 376, TARIFF ACT OF 1913—"INCLUDING."

In paragraph 376, tariff act of 1913, "Works of art, including paintings in oil," etc., the word "including" is a term of specification and definition rather than of exclusion. Accordingly the paragraph may include works of art such as those mentioned by name in it, and also such as are ejusdem generis therewith and not otherwise provided for in the act.

3. LEGISLATIVE SANCTION OF ADMINISTRATIVE CONSTRUCTION—MOSAIC PICTURES.

In the administration of former tariff acts mosaic pictures have been excluded from classification as works of art, and there is no indication that in the enactment of paragraph 376, tariff act of 1913, providing for "works of art," Congress intended to depart from that rule. Accordingly the marble mosaic picture at bar, even though of great artistic merit, is dutiable under paragraph 98 as a manufacture of marble. This does not, however, necessarily apply to every possible picture into which stone may enter as a component material.

United States Court of Customs Appeals, May 28, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45265.

[Affirmed.]

*Allan R. Brown* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Abraham Goodman,* special attorney, of counsel), for the United States.

[Oral argument March 20, 1923, by Mr. Brown and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The article now under consideration is a picture composed of marble mosaics inclosed in an elaborate gilt frame. It depicts an elderly artisan engaged at work upon his bench, while an aged companion reads to him from a print at his side. The figures are pleasing and attractive, the idea is engaging, and the execution is artistic in a marked degree. It may be assumed that the picture is designed to be hung upon a wall or otherwise displayed to please the eye and appeal to the sentiments of the beholder.

---

[1] T. D. 39666.

The importation was assessed with duty by the collector at the rate of 45 per cent ad valorem under the enumeration of manufactures of marble within paragraph 98 of the tariff act of 1913. The importer protested, claiming an assessment of 15 per cent ad valorem under the provision for works of art in paragraph 376 of the same act. The protest was overruled by the board, and the importer appealed.

The present question, therefore, is whether the imported picture should be assessed with duty at the rate of 45 per cent ad valorem as a manufacture of marble under paragraph 98 or at the rate of 15 per cent ad valorem as a work of art under paragraph 376, tariff act of 1913. It can not be disputed that the article answers to the description of a manufacture of marble, but if it may also be classified as a work of art under paragraph 376 it should be assessed with duty under that paragraph, since the provisions thereof are clearly more specific than those of the competing paragraph. The final question in the case, therefore, is whether the importation comes within the provisions of paragraph 376. The following is a copy of that paragraph:

376. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, or copies, replicas, or reproductions of any of the same, statuary, sculptures, or copies, replicas, or reproductions thereof, and etchings and engravings, not specially provided for in this section, 15 per centum ad valorem.

We think that the word "including," as used in the foregoing paragraph, is a term of specification and definition rather than of exclusion. Accordingly, the paragraph may include works of art such as those mentioned by name in it, and also such as are ejusdem generis therewith and not otherwise provided for in the act. No article of the latter class, however, can come within the paragraph, unless it be a "work of art" in the tariff sense, and we do not think that marble mosaic pictures answer to that description. In United States v. Olivotti & Co. (7 Ct. Cust. Appls. 46; T. D. 36309), the following comment upon paragraph 376 was written by Judge Smith for this court:

In our opinion the expression "works of art," as used in paragraph 376, was not designed by Congress to cover the whole range of the beautiful and artistic, but only those productions of the artist which are something more than ornamental or decorative and which may be properly ranked as examples of the free fine arts, or possibly that class only of the free fine arts imitative of natural objects as the artist sees them, and appealing to the emotions through the eye alone. The potter, the glassmaker, the goldsmith, the weaver, the needlewoman, the lace maker, the woodworker, the jeweler, all produce things which are both artistic and beautiful. It can hardly be seriously contended, however, that it was the legislative purpose to include such things, beautiful and artistic though they may be, in a provision which, as shown by its history and the enumeration therein contained, was intended to favor that particular kind of art of which painting and sculpture are the types. See Lazarus v. United States (2 Ct. Cust. Appls. 508, 509; T. D. 32247); United States v. Downing (6 Ct. Cust. Appls. 545; T. D. 36197).

We think that mosaic articles, while often ,beautiful and artistic, are the fabrications of artificers rather than the productions of artists, and are not within the domain of the fine arts as above defined. This view finds support in the well-known uses to which such work is commonly applied. It serves generally as an architectural ornament for the decoration of the ceilings, walls, or floors of churches or other public edifices, or in the manufacture of costly furniture or jewelry. That fact is recognized by the accepted definitions of the word "mosaic." The word is defined by the Standard Dictionary as follows:

Mosaic. 1. A kind of tesselated or inlaid work composed of bits, squares, or cubes of stone, glass, enamel, etc., combined so as to form an artistic pattern for wall decoration or pavements, and used also for other purposes, as for table tops or jewelry. 2. A piece of inlaid work of this kind.

It is probably true that mosaic pictures like the present one are more nearly allied than other mosaic articles to works of art such as are specified in paragraph 376. In a sense, they resemble "paintings in oil or water colors," inasmuch as they artistically depict scenes and persons in such a manner as to please the eye and excite the emotions of observers. Nevertheless they have not been admitted into the tariff classifications of "works of art." This statement is sustained by the following history:

On January 24, 1870, the department issued instructions to collectors that so-called Florentine mosaics composed of slate, intended as ornaments for mantels, panels, etc., should be classified under the tariff act of 1864 as "manufactures of slate." (T. D. 547.)

On March 7, 1873, the department in a letter issued to collectors instructed them that "mosaic pictures made of marble should be classified as manufactures of marble, dutiable at 50 per cent ad valorem, under the provisions of section 8, act of July 14, 1862, and not as paintings." (T. D. 1448.)

On January 25, 1876, the department affirmed the action of the collector in assessing a certain Roman mosaic picture under the provisions for manufactures of slate. (T. D. 2624.)

On January 21, 1891 (T. D. 10620), the Secretary of the Treasury addressed a letter to the Secretary of State, in the following terms, to wit:

SIR: I have the honor to acknowledge the receipt of your letter of the 15th instant, in which you inclose, for the information of this department and appropriate action a copy of a dispatch, No. 116, of the 23d ultimo, from the consul at Florence, containing a report on the manufacture and value of the Florentine mosaics, and recommending that they be placed in the same category as works of art, paintings, statuary, etc., and import duty levied accordingly.

In reply, I have to inform you that the provision of law imposing duty on works of art specifies the character of such articles, as, for instance, paintings in oil or water colors, and statuary, etc., and that the law contains no provision for mosaics eo nomine.

As mosaics are not specially provided for in the law, they are classified as manufactures of materials of which they are composed, and the department is unable, in the absence of legislation, to authorize the classification of such mosaics as suggested by the consul.

In the Sheldon case (T. D. 16116, G. A. 3080, May 11, 1895), the board held upon the evidence submitted in the case, that under the tariff act of 1894 a certain marble mosaic picture then in controversy should be assessed as a manufacture of marble, as against competing claims for assessment as a manufacture of slate or an article composed of mineral substances.

In the Lee case (T. D. 16301, G. A. 3130, June 18, 1895), the merchandise consisted of certain slabs of white marble set with marble mosaics so as to form a picture of a cross and wreath on each slab. They were assessed with duty as manufactures of marble under the tariff act of 1894, and the board sustained the assessment upon the evidence in the case, overruling a claim for assessment of the articles as works of art "imported for presentation" to an incorporated religious society. The board stated that it had reached its decision in the case "without deciding whether said slabs can be properly classified as 'works of art.'"

In the Hampton case (T. D. 16821, G. A. 3340, January 15, 1896), the board held that certain pictures composed of marble mosaics were dutiable under the tariff act of 1894 as "manufactures of marble," rather than by similitude with "paintings in oil or water colors." The decision, however, was based upon the consideration that even if such a similitude existed it could not prevail over the direct enumeration of manufactures of marble.

Some of the foregoing rulings touch but partially upon the question now before us; nevertheless they disclose that under preceding tariff acts marble mosaic pictures were not regarded as works of art in the same class with paintings in oil or water colors, but were uniformly classified under the provisions for "manufactures" of the materials of which they were composed. We think that Congress did not intend to depart from that rule when enacting paragraph 376, and we therefore conclude that the imported picture does not come within its purview either by direct mention or by assimilation with the articles which are directly mentioned therein.

We may add, however, that this conclusion relates, of course, to mosaic articles like the one now in controversy, and does not necessarily apply to every possible picture into which stone may enter as a component material.

The decision of the board is accordingly *affirmed*.

SMITH, Judge, specially concurring.

In my opinion there are mosaics which are not utilitarian in character, which make the same appeal to the emotions as do paint-

ings and which are the conception of artists whose eye for color, form, lights, and shades is that of the painter. Such mosaics, if my memory serves me well, are sometimes known as "mosaic paintings" and if the article involved in this appeal were proven to be of that kind, I should hesitate to regard it as a manufacture of marble or stone instead of a work of the fine arts.

The mosaics under consideration were returned by the collector as pictures made of pieces of marble and not sculptures or paintings. No evidence was introduced by the importer other than a photograph of the article and testimony to the effect that the importation "had some artistic merit." Whether the mosaic was the production of an artist or of an artisan does not appear from the record and the claim that it is a work of the fine arts is sustained by no evidence other than the photograph and the statement of the examiner that it had "some artistic merit." That a thing has artistic merit does not necessarily make it a work of the fine arts. The creations of the architect, the lace worker, the potter, and the mosaic artisan are not infrequently artistic, but they can not be classed with paintings, sculptures, etchings, or engravings which are the productions of the artist. The evidence does not warrant a finding that the importation is a work of the fine arts and I therefore concur in the conclusion reached.

BLAND, Judge, concurs herein.