BLASS CO. (INC.) *v.* UNITED STATES (No. 2433).[1]

CONSTRUCTION, PARAGRAPH 1433, TARIFF ACT OF 1922—LEATHER GLOVES MORE THAN TWELVE INCHES LONG—ABSURDITY AVOIDED.

Paragraph 1433, tariff act of 1922, imposes a duty upon the gloves mentioned therein, of $5 per dozen pairs on men's gloves not over 12 inches in length; of $4 per dozen pairs on women's and children's gloves not over 12 inches in length; and an *additional* duty of 50 cents per dozen pairs on any of the foregoing, for each inch any such gloves exceed 12 inches in length. To hold that the 50 cents per dozen per inch is the *only* duty levied by the paragraph on gloves more than 12 inches long would lead to the absurd conclusion that men's gloves 12 inches long would pay a duty of $5 a dozen pairs and the same gloves 13 inches long only 50 cents a dozen pairs, limited, of course, by the minimum rate of 50 per cent ad valorem provided by the paragraph.

United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, G. A. 8797 (T. D. 40193).

[Affirmed.]

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellant.

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

---

[1] T. D. 40692.

[Oral argument Jan. 16, 1925, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BLAND, and HATFIELD, Associate Judges; BARBER, Associate Judge, participating in the decision by agreement of counsel

GRAHAM, Presiding Judge, delivered the opinion of the court:

The importation in this case consists of leather gloves. They were classified for duty under paragraph 1433 of the tariff act of 1922, at $4 and $5 per dozen pairs, and, in addition, 50 cents per dozen pairs for each inch the gloves exceeded 12 inches in length. The Board of General Appraisers sustained the classification, and importer appeals.

The relevant portions of paragraph 1433 are as follows:

1433. Gloves made wholly or in chief value of leather, whether wholly or partly manufactured, shall pay duty at the following rates, the lengths stated in each case being the extreme length when stretched to their full extent, namely: Men's gloves not over twelve inches in length, $5 per dozen pairs; and women's and children's gloves not over twelve inches in length, $4 per dozen pairs; for each inch in length in excess thereof, 50 cents per dozen pairs: * * * *Pro-vided further*, That all the foregoing shall pay a duty of not less than 50 nor more than 70 per centum ad valorem: * * *

The only issue raised here by the appellant is that the collector erred in assessing a primary duty of $4 or $5 per dozen pairs—that, under paragraph 1433, the only duty to be assessed on gloves over 12 inches in length is 50 cents per inch for each inch by which the gloves exceed 12 inches in length—that, in this case, the duty should have been 50 per cent ad valorem. Appellant also contends that said paragraph 1433 provides for three classes of gloves, each of which is distinct from the others, namely: First, men's gloves not over 12 inches in length; second, women's and children's gloves not over 12 inches in length; third, gloves over 12 inches in length.

We are unable to agree with this contention. Since, and including, the tariff act of October 1, 1890, customs duties have been levied by successive acts of Congress upon leather gloves, according to their length, the longer gloves, above certain fixed lengths, bearing the higher rates of duty. The appellant argues that Congress, in the tariff act of 1922, by failing to state that the duty imposed upon such gloves for each inch over the length of 12 inches, was *in addition* to the $4 and $5 imposed upon gloves 12 inches long or under, has plainly indicated its intention to change the former practice and assess duties as contended for by appellants.

We can find no such congressional intent expressed in paragraph 1433. In the preparation of the paragraph the draftsman was obliged to separate the provisions for men's gloves, not over 12 inches in length, and women's and children's gloves of the same kind, as a different rate of duty was imposed on each class. This was done by the use of a semicolon. Following these provisions the draftsman

added a clause which was manifestly intended to apply to both the foregoing classes, and therefore it was separated from the foregoing language by a semicolon.    This is a correct and ordinary use of such punctuation mark.—Holmes *v.* Phenix Insurance Co. (98 Fed. 240). As so used it may be considered as used in lieu of the word "and," and as introducing language which may be considered as limiting or modifying the preceding language of the paragraph.  We think it was so used here.   In Murray's New English Dictionary (Vol. VIII, p. 440), the use of a semicolon is thus outlined:

In present use it is the chief stop intermediate in value between the comma and the full stop; usually separating sentences, the latter of which limits the former or marking off a series of sentences or clauses of coordinate value.

To adopt the construction argued for by appellant would have the effect of imposing a duty of 50 cents per dozen pairs upon men's gloves 13 inches in length, and $5 per dozen pairs upon the same gloves 12 inches in length, limited, of course, by the minimum rate of 50 per cent ad valorem, and would thus result in an absurdity. No such construction should be adopted if another construction may reasonably be had which will not produce such a result.—Hensel *v.* United States (3 Ct. Cust. Appls. 117; T. D. 32366).

We hold that paragraph 1433, aforesaid, imposes a duty upon the gloves mentioned therein, of $5 per dozen pairs upon men's gloves not over 12 inches in length; of $4 per dozen pairs on women's and children's gloves not over 12 inches in length, and an additional duty of 50 cents per dozen pairs upon any of the foregoing, for each inch any such gloves exceed 12 inches in length.

The judgment of the Board of General Appraisers is *affirmed.*