CASSARD ROMANO CO., DAVID A. HAAGENS, *v.* UNITED STATES (NO. 3453)[1]

[1] T. D. 45294.

United States Court of Customs and Patent Appeals, November 2, 1931

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*William Whynman* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 12, 1931, by Mr. Carter and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court overruling the protest of appellants and holding certain articles to be properly dutiable under paragraph 399 of the Tariff Act of 1922, and not under paragraph 1449 as claimed by appellants.

Upon the trial in the court below appellants abandoned a number of items covered by the protest, and in the brief of appellants certain other items are abandoned, leaving for consideration by us only the articles represented by Exhibits 1, 2, and 3, each of which is a metal figure of a woman upon a marble base, each exhibit being about eight inches in height.

There is no proof in the record that the articles here in question are works of art as that phrase has been construed by this court in passing upon tariff provisions where such phrase occurs, and appellants concede this. It is unnecessary, therefore, to describe the exhibits introduced in greater detail.

Appellants do, however, contend that the articles in question are statuary and that under a proper construction of paragraph 1449 they should be classified thereunder, even though they are not works of art. Said paragraph 1449 reads as follows:

PAR. 1449. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same; statuary, sculptures, or copies, replicas, or reproductions thereof; and etchings and engravings; all the foregoing, not specially provided for, 20 per centum ad valorem.

The provision of paragraph 399 under which the articles were classified reads as follows:

PAR. 399.   Articles or wares not specially provided for,  *  *  *  if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

Paragraph 376 of the Tariff Act of 1913 reads as follows:

PAR. 376.   Works of art, including paintings in oil or water-colors, pastels, pen and ink drawings, or copies, replicas or reproductions of any of the same, statuary, sculptures, or copies, replicas or reproductions thereof, and etchings and engravings, not specially provided for in this section, 15 per centum ad valorem.

It will be observed that the only differences between said paragraph 376 of the Tariff Act of 1913 and paragraph 1449 of the Tariff Act of 1922 are the substitution in said paragraph 1449 of the word "and" for the word "or" after the words "pen and ink drawings," the addition of the words "all the foregoing" after the words "etchings and engravings," the omission from paragraph 1449 of the words "in this section," and the substitution of semicolons for commas following the words "or reproductions of any of the same," following the words "or reproductions thereof," and following the words "etchings and engravings."

This court, in the cases of *United States* v. *Downing & Co.*, 6 Ct. Cust. Appls. 545, T. D. 36197; *United States* v. *Olivotti & Co.*, 7 Ct. Cust. Appls. 46, T. D. 36309, and *Petry Co.* v. *United States*, 11 Ct. Cust. Appls. 525, T. D. 39666, construed said paragraph 376 of the Tariff Act of 1913 and held in effect that under that paragraph all of its provisions were governed by the opening words "works of art," and that no article *eo nomine* named under that paragraph could be classified thereunder unless it be a work of art.

Appellants do not here challenge the correctness of those decisions but contend that by the changes made in said paragraph 1449 of the Tariff Act of 1922 it is now subject to a different construction from that given paragraph 376 of the Tariff Act of 1913 and that statuary should be classified under paragraph 1449 without reference to the opening words of the paragraph, "works of art."

The question before us, therefore, is as to whether the changes made in said paragraph 1449 warrant a different construction of that paragraph than was given paragraph 376 of the Tariff Act of 1913.

The contention of appellants is stated in their brief as follows:

The sole question, therefore, to be decided in this case is whether paragraph 1449 of the act of 1922 is to be construed like paragraph 376 of the act of 1913 as excluding sculpture and statuary if it is not technically "works of art" as previously limited.   It is contended that Congress in changing the wording of para-

graph 1449 clearly indicated that the provisions for statuary, sculptures, or copies, replicas, or reproductions thereof. was no longer to be limited to such statuary or sculpture as was the product of a professional artist. Otherwise why did it change the language of paragraph 376 of the act of 1913 in enacting the new provision in the act of 1922? The only inference that can be logically given to the change in the language in the present act is that the term "works of art," the opening words of paragraph 1449, is intended to limit only the articles named after the word "including," to wit—

paintings in oil or water-colors, pastels, pen and ink drawings, and copies, replicas or reproductions of any of the same.

Congress changed the word "or" after "pen and ink drawings" to the word "and," showing that it intended to conclude that subject. Congress then inserted a semicolon in place of the comma in the previous act. This semicolon separates the next phrase from the phrase governed by the words "works of art." The second phrase includes the word "statuary." Statuary, therefore, is an *eo nomine* provision unlimited in the paragraph and manifestly covers all statuary whether works of art or not. Another semicolon was inserted in place of the comma after the words "reproductions thereof."

Then the words "all the foregoing" were inserted after the word "engravings" which is also followed by a semicolon instead of a comma as in the previous act. If Congress had intended to make "works of art" the subject of the paragraph i would not have used the words "all the foregoing." That phrase is usually inserted in a provision when the paragraph covers many separate and distinct kinds of merchandise.

With regard to whether there is any change in language in said paragraph 1449 warranting a different construction than had been given to its predecessor, said paragraph 376 of the Tariff Act of 1913, this court, in the case of *Frei Art Glass Co.* v. *United States*, 15 Ct. Cust. Appls. 132, T. D. 42214, said:

Paragraph 376 of the Tariff Act of October 3, 1913, was repeated in substantially the same language in paragraph 1449 of the Tariff Act of 1922. While the opinion in the *Petry* case had not been handed down prior to the passage of the said act of 1922, the Congress must be held to have known of the limitation placed upon the meaning of the statutory term "works of art" by this court and the Supreme Court before that time. *Having made no substantial change of language, we must presume the Congress assented to the interpretation. United States* v. *Brown & Co.*, 13 Ct. Cust. Appls. 3; *United States* v. *Basket Imp. Co.*, 13 Ct. Cust. Appls. 98; *United States* v. *Beierle*, 1 Ct. Cust. Appls. 457; *Shallus* v. *United States*, 1 Ct. Cust. Appls. 556. (Italics supplied.)

The construction of said paragraph 1449 again came before this court in the case of *United States* v. *Hensel, Bruckmann & Lorbacher*, 18 C. C. P. A. (Customs) 297, T. D. 44504, where we said:

In the Summary of Tariff Information, 1920, prepared for the Ways and Means Committee of the House of Representatives, the Tariff Commission not only called attention to the decision in the *Olivotti Co.* case, but quoted at length from it. With this information before it, the Congress reenacted paragraph 376 of the Tariff Act of 1913, *without any material change of language, as paragraph 1449 of the Tariff Act of 1922*. Accordingly, as we said in the *Frei Art Glass Co.* case, *supra*, the Congress must have intended to approve this court's construction of the language of paragraph 376, *supra* (Italics supplied.)

Counsel for appellants, however, contend that in the two cases last cited none of the articles *eo nomine* named after the first semicolon in paragraph 1449 were involved, and therefore the court in said cases had no occasion to consider the question here raised by appellants.

There is force in this contention, and we therefore consider the proper construction of the paragraph without the application of the doctrine of *stare decisis.* Appellants invoke the familiar rule that a change in language implies a change in intent unless there be some indication to show a contrary congressional intent. The rule is equally well settled that the intention of Congress, as indicated by the applicability of a rule of construction, must yield if the contrary intent is otherwise ascertained. *Markell et al.* v. *United States,* 16 Ct. Cust. Appls. 518, T. D. 43239.

We apprehend that if it were not for the substitution in paragraph 1449 of semicolons for the commas in paragraph 376 of the Tariff Act of 1913, appellants would not seriously contend that the word "statuary" in the paragraph was not limited by the opening words of the paragraph, "works of art."

We have examined the legislative history of paragraph 1449 and find that when the tariff bill, H. R. 7456, was introduced in the House, the paragraph read exactly the same as when it was finally enacted into law, with the exception of the rate of duty and the number of the paragraph, which when introduced was 1446. When the bill was reported to the House it was accompanied by a lengthy report from the Committee on Ways and Means, and no mention is made therein of this paragraph. It would seem that, if any such radical change was intended by the changed language and punctuation as appellants contend for, there would have been some mention of such change in the report of the Committee on Ways and Means in the House or in the report of the Finance Committee of the Senate. There was none. Furthermore, so far as we have been able to discover, this parapraph was not mentioned in the debates upon the floor of either house, other than as to change of rate of duty.

In the Summary of Tariff Information, 1920, prepared for the Ways and Means Committee of the House of Representatives, the Tariff Commission called attention to the decisions of this court construing paragraph 376 of the Tariff Act of 1913. It also gave the classification of "works of art" practically as enumerated by the Supreme Court in the case of *United States* v. *Perry,* 146 U. S. 71. This classification was given in substantially the same language in the Summary of Tariff Information, 1921, prepared for the Finance Committee of the Senate, but the interpretation and comments upon the paragraph found in the summary of 1920 were omitted, as was the practice, in the summary of 1921.

196

To find for the appellants, therefore, we must find that by the substitution of semicolons for commas and the substitution of the "and" for "or," the addition of the words "all the foregoing" and the omission of the words "in this section," Congress intended to greatly enlarge the scope of paragraph 1449 without any report of any committee upon the subject and no legislative history of any character indicating that such change was intended.

Furthermore, if appellants' contention is well founded, then the provision for "etchings and engravings" in the paragraph is entirely nullified, because paragraph 1310 expressly provides for·a rate of duty of 25 per centum ad valorem upon etchings and engravings, without limitation and without the words "not specially provided for." It would seem clear that if Congress intended the construction urged by appellants, then etchings and engravings would have been omitted from the paragraph because provided for in another paragraph at a higher rate of duty. However, construing the words "works of art" as limiting the *eo nomine* designation of "etchings and engravings," the entire act is harmonized as providing for etchings and engravings not works of art at one rate of duty, etchings and engravings which are works of art at a lower rate of duty, and certain other·etchings and engravings named in paragraph 1704 free of duty.

It is a familiar rule of construction that effect must be given to the intent of Congress as manifested by a consideration of the whole act and all its parts. *Sonneborn Sons.* v. *United States*, 1 Ct. Cust. Appls. 443, T. D. 31504.

In the case of *United States* v. *Bailey, Green & Elger*, 18 C. C. P. A. (Customs) 375, T. D. 44637, we said:

We agree with the contention of the Government here that it is the duty of the courts to construe the entire tariff act so as to give effect to all its parts unless such construction is obviously impossible. This must be done if we would carry out the legislative intent.

Punctuation has its place in the construction of statutes, but it is not an infallible guide. In the case of *United States* v. *American Thermo-Ware Co.*, 2 Ct. Cust. Appls. 9, T. D. 31571, this court, speaking through Judge Smith, said:

* * * Punctuation is not always a safe guide to the interpretation of laws, as experience shows that they are not infrequently salted and peppered with commas quite at variance with what the lawmaker really intended to say.

In the case of *Blass Co. (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 481, T. D. 40692, this court held that in the construction of the paragraph there under consideration a semicolon might be considered as used in lieu of the word "and" and as introducing language which might be considered as limiting or modifying the preceding language of the paragraph.

We think the changes made in paragraph 1449, causing it to differ from paragraph 376 of the Tariff Act of 1913, were merely changes of the draftsman in what he deemed was a better statement of the paragraph and that there was no intention upon the part of Congress in its enactment to give it a different construction than had been given to paragraph 376 of said Tariff Act of 1913.

The judgment of the United States Customs Court is *affirmed*.

### DISSENTING OPINION

GARRETT, Judge: The majority opinion states, in substance, that consideration of the proper construction of paragraph 1449 is had without applying the doctrine of *stare decisis*, but it mentions cases wherein paragraph 376 of the Tariff Act of 1913 was construed, as there punctuated, as having been brought to the attention of Congress in the Summary of Tariff Information, 1920, and cites cases in which this court, construing paragraph 1449, gave it the same meaning as had been given paragraph 376 of the Tariff Act of 1913.

I am of opinion that the contention of appellants here made as to the result of changes in punctuation, the change of "or" to "and" and the insertion of the phrase "all the foregoing," is sound, and that we should not be influenced by the statements in *Frei Art Glass Co. v. United States*, 15 Ct. Cust. Appls. 132, T. D. 42214, and *United States v. Hensel, Bruckmann & Lorbacher*, 18 C. C. P. A. (Customs) 297, T. D. 44504, to the effect that Congress had made no material change in the language. It develops that changes were made which I think material, and the fact that they were overlooked in the cited cases, because the issues as there presented did not challenge, probably did not necessitate, attention to them, does not influence my impressions upon the issue here presented.

The fact that the reports from the House and Senate committees upon H. R. 7456 made no allusion to the paragraph in issue is not entitled to have influence in the case, because, except as to certain administrative provisions, those reports contained no detailed discussion or explanation of the bill. All the reports, both majority and minority, were quite general in their terms and gave no information, indeed made no mention of hundreds of changes from prior law which the bill contained. Neither does the fact that the debates in Congress did not allude to any change appear to me to be material.

The Congressional Record shows this to have been true of many other paragraphs which admittedly contained changes from former law.

It seems to me that the paragraph is not so ambiguous as to require the invocation of its legislative history in order to construe it, and I can not but feel that if it were a *de novo* matter, considered upon its textual form under the rules of construction uniformly followed by

this court, it would be construed in accordance with appellants' contention.

If, as the majority opinion surmises, the changes were merely those of a draftsman who thought he could better express the intent of Congress than it had been expressed in paragraph 376 which had already received judicial construction, in part at least, then I think it must be conceded that said draftsman did not make a brilliant success of the effort, assuming, of course, that it actually was the intent of Congress to give the paragraph the meaning which the opinion of the majority gives it.