CHARLES HARDY, INC. *v.* UNITED STATES (No. 3590) [1]

United States Court of Customs and Patent Appeals, May 29, 1933

*Brown & Carter (Allan R. Brown* and *Fred J. Carter* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

[Oral argument February 7, 1933, by Mr. Carter and Mr. McKenna]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification and assessment with duty of a certain coal-tar product known as piperidine, imported by appellant at the port of New York in three shipments in the months of October and November, 1930.

The merchandise was classified by the collector under the provisions of paragraph 27 of the Tariff Act of 1930, and assessed with duty at the rate of 7 cents per pound and 40 per centum ad valorem as provided in said paragraph.

[1] T. D. 46509.

Appellant duly protested such classification and assessment with duty, claiming the merchandise to be dutiable under paragraph 5 of said act.

Upon the trial in the United States Customs Court, it was stipulated that if the merchandise is not dutiable as assessed, it is dutiable as claimed by appellant under the provisions of said paragraph 5 of the Tariff Act of 1930.

The lower court overruled said protests and entered judgment accordingly. From said judgment appellant took this appeal.

Paragraph 27 (a) (1) of said tariff act provides *eo nomine* for a large number of coal-tar products; paragraph 27 (a) (3) reads as follows:

(3) All products, by whatever name known, which are similar to any of the products provided for in this paragraph or in paragraph 1651, and which are obtained, derived, or manufactured in whole or in part from any of the products provided for in this paragraph or in paragraph 1651;

It was also stipulated upon the trial below that the merchandise in question is—

obtained, derived, or manufactured in whole or in part from one of the products provided for in paragraph 1651, which particular article is described in that paragraph as pyridine.

It was also stipulated that—

the imported merchandise, piperidine, is the same chemical body, having the same chemical formula, as the piperidine made in the United States, which has been used as the basis for the assessment of value and duty.

In view of the stipulations above noted, there are but two questions involved in this appeal, one a question of law and the other a question of fact.

The question of law is as to the proper construction of the word "similar", as used in said paragraph 27 (a) (3). Appellant contends that its construction is controlled by the provisions of paragraph 27 (d), which reads as follows:

(d) For the purposes of this paragraph any coal-tar product provided for in this act shall be considered similar to or competitive with any imported coal-tar product which accomplishes results substantially equal to those accomplished by the domestic product when used in substantially the same manner.

On the other hand, the Government contends that said last-quoted paragraph relates only to paragraph 27 (c), which reads as follows:

(c) The ad valorem rates provided in this paragraph shall be based upon the American selling price (as defined in subdivision (g) of section 402, title IV) of any similar competitive article manufactured or produced in the United States. If there is no similar competitive article manufactured or produced in the United States, then the ad valorem rate shall be based upon the United States value, as defined in subdivision (e) of section 402, title IV.

The second question is whether the imported merchandise is similar to any of the products provided for in said paragraph 27 or in paragraph 1651.

It is appellant's contention that, by use of the phrase "for the purposes of this paragraph", in said paragraph 27 (d), the definition of similarity there given applies to paragraph 27 (a) (3) as well as to paragraph 27 (c), and appellant invokes the general rule that the letter of a statute, where there is no ambiguity, may not be disregarded unless the observance of its literal terms would result in an absurdity so great as to shock the general or moral common sense, citing *Crooks* v. *Harrelson*, 282 U.S. 55.

While this is the general rule, it is also true that whether or not a given term in a tariff statute is used in an ambiguous manner must be determined, not from the literal meaning of the term, but from the connection in which it is used, and a consideration of the entire statute in which the term is found. *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T.D. 42472; *United States* v. *E. De Grandmont (Inc.)*, 21 C.C.P.A. (Customs) 17, T.D. 46345.

In the case of *Procter & Gamble* v. *United States*, 19 C.C.P.A. (Customs) 415, 287 U.S. 629, there was involved the meaning of the words "foreign country", as used in section 1 of the Tariff Act of 1922 and of the Tariff Act of 1930. We there held that there is no hard and fast definition for the term "foreign country" as it appears in those acts, but that such meaning may be broad or narrow, as the apparent intent of the statute requires. In its opinion the court, speaking through Presiding Judge Graham, after stating that the master rule in the consideration of all statutes is to interpret them so as to carry out the legislative intent, further said:

Accordingly, we have held, and this has been the uniform holding of the courts, that if, from a consideration of the language of the statute under consideration, its context, and other statutes in *pari materia* therewith, it appears that a literal interpretation of the statute involved would produce a result contrary to the apparent legislative intent, then the letter of the statute must yield and the legislative intent be carried out. (Citing cases.)

Having in mind the foregoing principles, it is clear to us that the lower court did not err in holding that the provisions of said paragraph 27 (d) relate only to the provisions of paragraph 27 (c) and not to the provisions of paragraph 27 (a) (3). It is clear that said paragraph 27 (d) contemplates only a determination of similarity between an imported product and a domestic product, as provided in paragraph 27 (c), and has no relation to a determination of similarity for classification purposes under said paragraph 27 (a) (3).

Under appellant's construction, in determining similarity of products under the provisions of said last-named paragraph, comparison must be made between the imported product and a *domestic* product, and if there be no similar product manufactured in the United States, as the word "similar" is defined in said paragraph 27 (d), then said paragraph 27 (a) (3) could have no application at all to such imported

product, although it might be clearly similar to products named in paragraphs 27 and 1651 of said act, even to the extent of accomplishing results equal to those accomplished by the foreign product when used in substantially the same manner.

The definition of the word "similar" found in paragraph 27 (d) requires that there be a domestic product which will produce substantially the same results as the imported product when used in the same manner. If this definition must be applied in construing paragraph 27 (a) (3), as contended for by appellant, it would mean that derivatives of only such articles enumerated in paragraphs 27 and 1651 as are domestically produced would be dutiable under said paragraph 27. For example, paragraph 27 (a) (1) contains a multitude of products *eo nomine* designated. These products bear the duty provided by said paragraph; however, should it be the case that there is no domestic production of certain of these products, then the derivatives of such products would not be dutiable under paragraph 27, under appellant's construction, even though the derivative accomplished substantially the same results as the original product when used in the same manner.

Surely Congress never intended such a construction of paragraph 27. Appellant's counsel in their brief state:

* * * There is an irreconcilability between the language of the first part and the language of the last part of paragraph 27 (d), but the subdivision is evidently not a nullity, and to give it its meaning it should not be restricted either to classification questions or to valuation questions or to any part of the paragraph, but it should be made to apply, as it is obviously intended to apply, to all the purposes of the entire paragraph, not one purpose as evidenced by one subdivision of the paragraph. * * *

We would observe that there is an irreconcilability between the language of the first part and the language of the last part of paragraph 27 (d) only under appellant's construction as to the applicability of said paragraph 27 (d). There is no irreconcilability if its application be limited to paragraph 27 (c); on the contrary, when so limited, all the provisions of paragraph 27 (d) are harmonious.

This is a case where the statute upon its face clearly shows that Congress did not intend that paragraph 27 (d) should apply to paragraph 27 (a) (3), but only to paragraph 27 (c); in other words, it was not intended that paragraph 27 (d) should apply to all of paragraph 27, but only to a part of it.

The next question is whether the merchandise here involved is similar, within the ordinary meaning of that word, to any of the products named in paragraph 27 or in paragraph 1651.

Appellant has not pressed any contention that the imported merchandise is not similar to any of the products provided for in paragraph 27 or in paragraph 1651, if paragraph 27 (d) is not applicable

in the determination of similarity of the imported merchandise to any of the products named in said paragraphs; but we are of the opinion, first, that appellant has not made a *prima facie* case upon this point overcoming the presumption of the correctness of the classification of the collector; and, second, that the evidence affirmatively establishes that the imported merchandise is similar to a number of the products named in paragraph 27, within the common meaning of the word "similar" as defined by standard dictionaries, and as that word has been defined by this court, when used in tariff statutes, in the case of *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T.D. 42714, and cases therein cited.

For the reasons stated, the judgment of the United States Customs Court is *affirmed.*