(C. D. 1697)

Art & Sign Brush Mfg. Corp. *v.* United States

United States Customs Court, First Division

(Decided May 5, 1955)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Joseph E. Weil* and *Henry J. O'Neill*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges; OLIVER, C. J., concurring

MOLLISON, Judge: The merchandise the subject of these protests was assessed with duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the President's proclamation of December 22, 1949, carrying out the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, for—

Manufactures wholly or in chief value of wood or bark not specially provided for.

The claim made in each of the protests is for duty at the rate of 10 per centum ad valorem under the provision in the said paragraph 412, as modified by the President's proclamation of June 2, 1951, relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, for—

Paintbrush handles, wholly or in chief value of wood.

Certain, although not all, of the merchandise covered by the invoices is represented before us by exhibits 1, 2, and 3. These, it appears, are handles for small, fine brushes, used by artists in painting with water colors and possibly by photographers for retouching negatives. The evidence establishes that the brushes in connection with which they are used have metal ferrules and that they are known both as "artist's brushes" and as "hair pencils."

The same issue was the subject of decision by this court in the case of *Applicator Brush Co.* v. *United States*, 13 Cust. Ct. 310, Abstract 49816. The opinion of the majority of this division in that case contains the following:

The evidence establishes that the handles in the case at bar are used in the manufacture of what are known as hair pencils, which is a type or species of small brush used in painting, as well as for other purposes. Hair pencils have, for many, many years, been uniformly distinguished from brushes in the enactment of tariff provisions. For a rather comprehensive treatment of this matter, see the opinion of the Court of Customs and Patent Appeals delivered by Lenroot, J., in *United States* v. *M. Grumbacher*, 27 C. C. P. A. 166, C. A. D. 80.

The position of the defendant is that since the finished products of which the articles at bar are parts, namely, hair pencils, are distinguished for tariff purposes from brushes, the same distinction must be carried out in determining the tariff classifications of the component parts.

The position of the plaintiff is that the distinction made between hair pencils and brushes can have no application to an *eo nomine* designation for paint-brush handles without any language of limitation and free from ambiguity.

While it is true that no ambiguity appears in the language of the provision in paragraph 412, as amended, under which claim is made by the plaintiff, viz, "paintbrush handles * * * wholly or in chief value of wood," when considered by itself, nevertheless ambiguity does appear when it is considered in connection with the entire act, and especially in connection with paragraph 1506 wherein the distinction between brushes and hair pencils is made.

In *Charles Hardy (Inc.)* v. *United States*, 21 C.C.P.A. 173, T.D. 46509, the court cited the general rule with reference to ambiguity of statutory tariff terms as follows:

> * * * whether or not a given term in a tariff statute is used in an ambiguous manner must be determined, not from the literal meaning of the term, but from the connection in which it is used, and a consideration of the entire statute in which the term is found.

When it is noted that in paragraph 1506, Tariff Act of 1930, a distinction is made between hair pencils and brushes, we think it will be considered that the use of the term "paintbrush handles" in paragraph 412, *supra*, is ambiguous in that it cannot be determined from the language used in the paragraph whether Congress, and, presumably, the negotiators of the Canadian Trade Agreement since the tariff act term was also used in the agreement, intended to continue the distinction made in paragraph 1506.

The general rule of statutory construction in such cases is contrary to the position taken by the plaintiff. In *United States* v. *A. W. Faber, Inc.*, 16 Ct. Cust. Appls. 467, T.D. 43211, it was pointed out that in paragraph 1451, Tariff Act of 1922, mechanical pencils were enumerated separately from pencils, the court observing—

> * * * Evidently the Congress was of opinion that the word "pencil" was not broad enough to include mechanical pencils, or desired to make some tariff distinction between the two, and hence specially enumerated the latter. * * *

In the following paragraph, 1452, "pencil leads not in wood or other material" were provided for, and it was contended that such provision included, among other things, leads for mechanical pencils. After noting the distinction made in paragraph 1451 between pencils and mechanical pencils, the court said:

> * * * This distinction should be carried into other parts of the act unless a legislative intent to the contrary is evidenced. *Shallus* v. *United States*, 1 Ct. Cust. Appls. 556, T. D. 31552; *Bakelite Corporation* v. *United States*, 16 Ct. Cust. Appls. 378, T. D. 43117. Bearing this in mind, it follows that when the Congress used the word "pencil" in said paragraph 1452 it did not intend to include mechanical pencils.

Counsel for the plaintiff has cited in the brief filed in its behalf certain legislative history of the provision for paint-brush handles. Careful examination thereof, however, does not reveal anything that could be considered a legislative intent not to continue the distinction made in paragraph 1506 between brushes and hair pencils.

A dissenting opinion was filed in that case by the chief judge, who indicated therein that he was satisfied that the brushes with which the handles there involved were intended to be used were *not* hair pencils but artists' brushes of a type which, in his opinion, based upon a review of the legislative history of the paintbrush handles provision, was intended to be covered by the said provision.

The plaintiff in the case at bar relies upon the reasoning and authorities cited in the said dissenting opinion. As we have said, the dissenting opinion in that case was based, at least in part, upon the belief that the record in that case established that the handles there involved were not used in the manufacture of hair pencils. We are of the opinion that the testimonial evidence in this case establishes

without question that the handles at bar are of a type used for hair pencils.

Plaintiff further cites, in support of its claim under the paintbrush handles provision, the Presidential proclamation relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, whereby, in the modification of the provisions for brushes under paragraph 1506 of the Tariff Act of 1930, artists' brushes are specifically mentioned.

However, a reading of the provision in its entirety shows that hair pencils are specifically provided for apart from paintbrushes (including artists' brushes) and that a different rate is made applicable thereto.

The provision, as set forth in T. D. 52739, reads as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1506 | Brushes, not specially provided for, if paint brushes, including artists' brushes........... | 25% ad val. |
| 1506 | Hair pencils in quills or otherwise.............. | 1¢ each, but not less than 10% nor more than 40% ad val. |

It seems clear from the foregoing that the negotiators of the Torquay Protocol recognized the distinction that Congress has made in many tariff acts between hair pencils and other brushes, and, far from intending to take hair pencils out of classification apart from other brushes, as argued in the brief filed on behalf of the plaintiff, not only continued the distinction previously made in the tariff acts between hair pencils and other brushes, but specifically distinguished them *from all other paintbrushes, including artists' brushes.*

It is quite probable that hair pencils are a variety of artists' brushes, rather than an entirely separate class of brushes. This would make consistent both the tariff provisions and the testimony in the case at bar, which indicates that the handles in question are used in the manufacture of artists' brushes and hair pencils. So understood, the testimony would show that the handles were used in the manufacture of that variety of artists' brushes known as hair pencils.

In the light of such testimony, and for the reasons and upon the authorities cited in the *Applicator Brush Co.* case, *supra,* we are of the opinion that the provision for paintbrush handles does not cover hair pencil handles and that the protest claim in this case must be overruled.

Judgment will issue accordingly.

CONCURRING OPINION

OLIVER, Chief Judge:   The facts in the present case are materially different from those in *Applicator Brush Co.* v. *United States*, 13 Cust. Ct. 310, Abstract 49816.   There, the issue was the same as that presented herein.   My dissenting views in the cited case were based on testimony to the effect that the articles there under consideration were handles "used in various types of brushes for various uses such as bronzing brushes and cosmetic brushes used in connection with paints, cosmetics, oils, and chemicals," that they were not "dedicated to use as handles for hair pencils," and that the chief use of brushes made with similar handles was "for paints."   In this case, the undisputed testimony is to the effect that the handles in question are parts of hair pencils.

Upon the established facts in the present record, I now agree with the application of the law and the conclusion reached by my associates.