Downing & Co. *v.* United States (No. 1002).[1]

Sculptures.

To constitute "sculptures" under tariff act of 1909 the evidence must show the articles were cut, carved, or otherwise wrought by hand from solid blocks or masses of marble and that they were severally the professional productions of a scupltor. The record here establishes neither of these propositions and the merchandise was properly assessed as manufactures of marble under paragraph 112, tariff act of 1909.

United States Court of Customs Appeals, December 16, 1912.

Appeal from Board of United States General Appraisers, Abstract 29462 (T. D. 32751).

[Affirmed.]

*Churchill & Marlow* (*William A. Hines* of counsel) for appellants.
*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, of counsel), for the United States.

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Martin, Judge, delivered the opinion of the court:

This appeal covers six different importations, the entries of which were made between November 30, 1909, and April 20, 1910. The merchandise consists of about 200 different articles of marble which were shipped to this country at the times stated, packed in 289 cases. The articles are of various kinds, comprising benches, vases, tables, cups, columns, stools, mantels, globes, and other objects of the same general character. The invoice values of the different articles range from $5, the price of a vase, up to $160 for a table. The average price of the individual articles is about $43.

The various importations just described were classified by the collector as manufactures of marble within the terms of paragraph 112 of the tariff act of 1909; they were accordingly assessed with duty at the rate of 50 per cent ad valorem. The importers protested, claiming the articles to be sculptures within the provisions of paragraph 470 of the act, and dutiable as such at 15 per cent ad valorem

---

[1] Reported in T. D. 33043 (23 Treas. Dec., 616).

The Board of General Appraisers overruled the protest, and the importers now appeal.

The following is a copy of paragraphs 112 and 470 of the act of 1909:

112. Marble, breccia, onyx, alabaster, and jet, wholly or partly manufactured into monuments, benches, vases, and other articles, or of which these substances or either of them is the component material of chief value, and all articles composed wholly or in chief value of agate, rock crystal, or other semiprecious stones, except such as are cut into shapes and forms fitting them expressly for use in the construction of jewelry, not specially provided for in this section, fifty per centum ad valorem.

470. Paintings in oil or water colors, pastels, pen and ink drawings, and sculptures, not specially provided for in this section, fifteen per centum ad valorem; but the term "sculptures" as used in this Act shall be understood to include only such as are cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone, or alabaster, or from metal, and as are the professional production of a sculptor only, and the term "painting" as used in this Act shall be understood not to include such as are made wholly or in part by stenciling or other mechanical process.

In order to entitle the appellants to judgment, it must affirmatively appear from the record that the importations are sculptures, according to the meaning attached to that term by the foregoing paragraph, that is, that the articles were cut, carved, or otherwise wrought by hand from solid blocks or masses of marble, and were severally the professional productions of a sculptor only. It is quite certain that the record does not establish either of these propositions.

In the first place, the importations plainly belong to the classification of marble manufactured into monuments, benches, vases, and other articles, as established by paragraph 112, above copied. This statement is justified by the forms and uses of the articles, by their price and number, and by their appearance, as exhibited by the photographs which are in evidence. They are not the professional productions of an artist who has impressed his own spirit upon each article by artistic study and effort; but rather they are such objects as are made by skilled artisans, and are produced in quantities in the course of a business for the purpose of meeting a commercial demand. They naturally classify themselves as stock articles rather than professional productions.

In the second place the proofs in the case fall short of establishing the alleged fact that the persons who produced the importations were professional sculptors, and that they dealt with the articles in question in that character.

On the testimony the board found against the claim of appellants, and the finding is sustained by the real force and effect of the evidence. See United States v. Baumgarten & Co. (2 Ct. Cust. Appls., 321; T. D. 32052); Lazarus et al. v. United States (2 Ct. Cust. Appls., 508; T. D. 32247); Stern v. United States (3 Ct. Cust. Appls., 124; T. D. 32381); Consmiller v. United States (3 Ct. Cust. Appls., 298; T. D. 32585).

The decision of the board is *affirmed*.