## UNITED STATES *v.* HALLE BROS. CO. (No. 1557).[1]

1. ALLEGED ERROR UNASSIGNED.
   This court will not review rulings of the board not assigned as error.
2. SCULPTURE—WORK OF ART.
   A work in marble, said to be a copy of a mantel in the Doge's Palace, at Florence, Italy, neither copy nor original being shown to be the production of a professional sculptor, is not, following United States *v.* Downing & Co. (6 Ct. Cust. Appls., 545; T. D. 36197), decided concurrently herewith, sculpture or a work of art under paragraph 376, tariff act of 1913.

### United States Court of Customs Appeals, February 21, 1916.

APPEAL from Board of United States General Appraisers, Abstract 37398.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* of counsel; *Robert Hardison,* special attorney, on the brief), for the United States.
Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

In this case there is no appearance or argument on behalf of the importers.

The merchandise is a marble mantel assessed for duty at 45 per cent ad valorem under paragraph 98 of the tariff act of 1913, and claimed before the Board of General Appraisers to be dutiable at 15 per cent ad valorem under paragraph 376.

The opinion of the board does not discuss the law or the facts. We quote the essential part of it:

We think the evidence clearly shows that this mantel is a work of art. It is a copy of a mantel in the Doge's Palace. We further conclude that it is a sculpture within the meaning of that term as used in paragraph 376, and assessable thereunder, as claimed by the importers.

---

[1] Reported in T. D. 36196 (30 Treas. Dec., 317).

In the return of the board to this court it is stated that the exhibits are lost.

From the record it appears that the exhibits were two photographs, one purporting to represent the importation and the other an original mantel in the Doge's Palace in Venice, of which the importation is claimed to be a copy. These exhibits were both received subject to the objection and exception of the Government, and in its brief it is urged that they were inadmissible, and consequently that any findings made thereon can not be sustained. The Government, however, has failed to assign error in the admission of these photographs, hence this claim will not be further considered.

Two witnesses only testified in this case—one the business manager and the other the designer of the importers. As their evidence is brief, we insert here the substance thereof. The manager testified that he ordered the importation of an Italian named Orestes Adriania, in the little town of Petre Santa, Italy, to be used and that it had been used in furnishing an Italian room in the importer's store. He did not testify that Mr. Adriania was a sculptor. He was asked as to his reputation as such, and replied, " I heard a good deal of him in Florence as a reproducer of ancient pieces, and, in my opinion, the most beautiful things in Florence have all been reproduced by him." He said the importation was made of solid blocks of marble; that it was approximately 6 feet wide and about the same height, carved with a design chiefly floral, not particularly symbolic of anything; that he did not know whether the work was done by an artist or by an artisan in an artist's employ. At the time he gave the order he did not know what the work was to represent, but was afterwards told it represented a mantel in the Doge's Palace in Venice, but he had never seen the original. He had never executed any sculptural statuary, but was, he said, an artist " in a sense." In connection with his evidence the first exhibit was introduced.

The designer of the importers testified and produced the other photograph which he had bought in the open market in Florence. He had visited the Doge's Palace, and had seen there among others the mantel represented by the photograph which he produced, although had it not been for the notations on the photograph it would have been difficult for him to recollect that he had seen it. He had compared this photograph with the imported mantel and said that so far as one could judge from the photograph the importation was identical with a mantel he had seen in the Doge's Palace. He said he was an amateur photographer and an artist, and had studied architecture, preparing more especially in the decorative end of it; that in its general lines the importation was a work of art; when asked the question whether the merchandise as represented by the first photograph possessed the characteristic design and detail

which would associate it with any particular artist, he answered, " Well, it rather associates it with a period of Italian art than any other way, than a particular artist, because the periods of art were carried along by a movement of artists, by a school of artists." He also said that goods of this type were regularly on sale to any purchaser.

The Government's claim in this case is that the importation is neither a work of art nor a sculpture under paragraph 376.

This case was heard with United States *v*. Downing (6 Ct. Cust. Appls., 545; T. D. 36197), in which opinion is handed down concurrently herewith.

We have there expressed our views as to the interpretation to be given paragraph 376. It is manifest that the merchandise here is not a sculpture as we have interpreted that word in that paragraph, because it is not shown to possess the indispensable qualification of being the production of a professional sculptor, nor to be a copy, replica, or reproduction of the work of a sculptor. In the language of the importers' witness, it is associated with a period of Italian art rather than with any particular artist of the period.

And so far as appears the mantel in the Doge's Palace of which the importation is said to be a copy may not have been the work of a sculptor. The fact that it is of the type regularly on sale to any purchaser, coupled with the failure to show that Adriania is other than " a reproducer of ancient pieces," tends to the belief that it is a manufacture of marble, as assessed. While it may be ornamental and beautiful, we can not say upon the evidence that it rises to the standard of sculpture, and unless so, it is not a work of art within paragraph 376.

The judgment of the Board of General Appraisers is *reversed*.