UNITED STATES *v.* OLIVOTTI & Co. (No. 1605).[1]

1. SCULPTURE—DEFINITION.

A work is not necessarily sculpture because artistic and beautiful and fashioned by.a sculptor from solid marble. Sculpture as an art is that branch of the free fine arts which chisels or carves out of stone or other solid material or models in clay or other plastic substance, for subsequent reproduction by carving or casting, imitations of natural objects, chiefly the human form, and represents such objects in their true proportions of length, breadth, and thickness, or of length and breadth only.

2. WORK OF ART—DEFINITION.

"Works of art" in paragraph 376, tariff act of 1913, does not cover the whole range of the beautiful and artistic, but only those productions of the artist which are something more than ornamental ·and decorative and which may be properly ranked as examples of the free fine arts, or, possibly, that class only of the free fine arts imitative of natural objects as the artist sees them, and appealing to the emotions through the eye alone.

3. SCULPTURAL DECORATIONS OF UTILITARIAN ARTICLES.

Utilitarian articles do not become sculpture by reason of being adorned by the carving of a sculptor, unless the sculptural decorations be so compelling that the utilitarian achievement of the artisan is lost in the realized sentiment of the artist.

4. MARBLE FONT AND SEATS WITH ARTISTIC CARVINGS, HOW DUTIABLE—MANUFACTURES OF MARBLE.

A marble font and marble seats, the work of a sculptor and incidentally embellished by him with artistic carvings, are not sculpture or works of art under paragraph 376, tariff act of 1913, but manufactures of marble under paragraph 98.

## United States Court of Customs Appeals, March 28, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38064.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, of counsel), for the United States.

*Churchill, Marlow & Hines* for appellee.

---

[1] Reported in T. D. 36309 (30 Treas. Dec., 586).

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

A marble font, two marble boxes and stands, and two marble seats imported at the port of New York were classified by the collector of customs as manufactures of marble, and were accordingly assessed for duty at 45 per cent ad valorem under that part of paragraph 98 of the tariff act of 1913 which reads as follows:

> 98. Marble, breccia, onyx, alabaster, and jet, wholly or partly manufactured into monuments, benches, vases, and other articles, or of which these substances or either of them is the component material of chief value, * * * not specially provided for in this section, 45 per centum ad valorem.

The importers protested that the several articles which were so classified and assessed by the collector were dutiable at 15 per cent ad valorem under the provisions of paragraph 376 of said act, which said paragraph reads as follows:

> 376. Works of art, including paintings in oil or water colors, pastels, pen-and-ink drawings, or copies, replicas or reproductions of any of the same, statuary, sculptures, or copies, replicas or reproductions thereof, and etchings and engravings, not specially provided for in this section, 15 per centum ad valorem.

It appeared from the testimony introduced by the importers that the boxes and stands were original works of art, and in accordance with that testimony the Board of General Appraisers ruled that they were classifiable under paragraph 652, rather than under paragraph 376, as claimed in the protest. Because of the failure to make the proper claim the protest as to the marble boxes and stands was overruled by the board, and no appeal having been taken by the importers from that ruling no review can be had in the present proceeding of that particular part of the board's decision.

The board held that the marble font and marble seats were works of art within the meaning of paragraph 376 as interpreted by the board in the matter of the protest of Downing & Co. (T. D. 35564). In that case the board decided that if the so-called Greek temple there involved was a work of art at all it was such by reason of the fact that it was a sculpture, and from that we assume that the board must have concluded that the marble font and seats here in controversy were sculptures, and therefore held them to be works of art and dutiable under paragraph 376 apparently because they were copies of original sculptures not provided for in paragraph 652.

From the decision of the board the Government appealed and now contends that its appeal should be sustained on the ground that the font and marble seats are not sculptures at all, and that they are not works of art as that term is used in paragraph 376.

It appears from the photographs in evidence that the font is a plain marble basin, supported by a long, slender, tapering column, which is sustained by a short, round pillar of smaller diameter. The short pillar springs from an annular base which rests on a plain square slab of marble. The surface of the long, tapering column is ornamented by carvings suggestive of leaves. The font was made by Molonari, a sculptor, and was copied by him from an original found in one of the churches of Italy; but whether the original was the work of a sculptor does not appear. The production is the work of a sculptor. It is fashioned from the solid marble. It may be conceded that it is artistic and beautiful. Nevertheless, those conditions, or, better said, those distinguishing features of the article, are not sufficient of themselves to constitute a sculpture. Sculpture as an art is that branch of the free fine arts which chisels or carves out of stone or other solid material or models in clay or other plastic substance for subsequent reproduction by carving or casting, imitations of natural objects, chiefly the human form, and represents such objects in their true proportions of length, breadth, and thickness, or of length and breadth only. Standard Dictionary; Century Dictionary; United States v. Downing & Co. (6 Ct. Cust. Appls., 545; T. D., 36197); Stern v. United States (3 Ct. Cust. Appls., 124, 126; T. D. 32381); United States v. Baumgarten (2 Ct. Cust. Appls., 321, 322; T. D. 32052). It can not be said that the font, considered as an entirety, portrays any natural object. The surface of the tapering column which supports the plain marble basin is carved, it is true, with a representation suggestive of leaves, but that representation is so plainly ornamental and so clearly incidental that it can scarcely be regarded as sculpture and much less as giving that status to the whole article. Indeed, as appears from the photograph in evidence and the testimony in the case, that which makes the font artistic and beautiful is the purity of its lines and its just proportions, *and not the carving on the column,* which we think must be regarded at best as decorative and not sculptural art.

Finding, as we do, that the font is not sculpture, the next question which arises is, Can it, because of its beauty and artistic character, be classified as a work of art within the meaning of paragraph 376? We think not. In our opinion, the expression "works of art" as used in paragraph 376 was not designed by Congress to cover the whole range of the beautiful and artistic, but only those productions of the artist which are something more than ornamental or decorative and which may be properly ranked as examples of the free fine arts, or possibly that class only of the free fine arts imitative of natural objects as the artist sees them, and appealing to the emo-

tions through the eye alone.  The potter, the glassmaker, the gold-smith, the weaver, the needlewoman, the lace maker, the woodworker, the jeweler, all produce things which are both artistic and beautiful. It can hardly be seriously contended, however, that it was the legislative purpose to include such things, beautiful and artistic though they may be, in a provision which, as shown by its history and the enumeration therein contained, was intended to favor that particular kind of art of which painting and sculpture are the types.  See Lazarus *v.* United States (2 Ct. Cust. Appls., 508, 509; T. D. 32247); United States *v.* Downing (6 Ct. Cust. Appls., 545; T. D., 36197).

That everything artistic and beautiful can not be classed as fine art was well established in United States *v.* Perry, which involved the classification of painted glass windows on which were represented by artists of superior merit pictures of the saints and other biblical subjects.  In that case it was held by the Supreme Court that the windows were not paintings and that, although they were artistic in the sense that they were beautiful, they were representative of the decorative and industrial rather than of the fine arts. United States *v.* Perry (146 U. S., 71, 74).

Inasmuch as we find that the font is not sculpture and not a work of the fine arts, we think that it is not dutiable under paragraph 376 as found by the board.

The marble seats or chairs in controversy are copies of a Grecian original found in the Vatican museum, and, as appears from the record, were made by Molonari, a sculptor.  The ends of the arm rests of the seats are carved into the form of lions' heads, which are sustained by supports terminating in what appear to be carved lions' paws.  These carvings, even if they could be regarded as demanding the exercise of sculptural art, were evidently designed as an embellishment of the seats, and it would be going far to say that of themselves they were sufficient to give the character of sculptures to the entirety of which they are a minor, not a predominating, part. It may be conceded for the purposes of this case that because of the sculptural work upon them, the articles under consideration have an artistic beauty which otherwise they would not possess.  Nevertheless, no one gazing upon them can forget that they are seats or chairs and that they are not the expression of the sculptor's impulse to imitate some object in nature as he conceived it to be, but a conception brought to material form primarily and principally to serve a useful purpose, and not to please.  The making of seats and chairs is strictly industrial, not sculptural, art; and when the sculptor's hand is called upon to make such conveniences artistic and beautiful, his work reaches no higher plane than the purely decorative,

unless it be so compelling that the utilitarian achievement of the artisan is lost in the realized sentiment of the artist. United States v. Baumgarten (2 Ct. Cust. Appls., 321, 323–324; T. D. 32052); Lazarus v. United States (2 Ct. Cust. Appls., 508, 511; T. D. 32247); Consmiller v. United States (3 Ct. Cust. Appls., 298, 301; T. D. 32585). The seats here involved were not designed to serve as mere settings for whatever of sculptural work there may be upon them, but as seats to which such sculptural work clearly bears the relation of adornment and nothing more. They must, therefore, be classed as articles of utility produced by industrial art because of a sense of need or usefulness and not as sculptures or examples of fine art the activities of which are chiefly, if not wholly, called into play by sentiment and for the purpose of appealing to the emotions.

As we are of opinion that the carved marble seats are not sculptures or works of art within the intention of paragraph 376, we must hold that they are not dutiable as found by the board, and that the assessment of the collector should be sustained.

The decision of the Board of General Appraisers is *reversed.*