ALEXANDER & OVIATT *v.* UNITED STATES (No. 3576)[1]

[1] T. D. 46410.

United States Court of Customs and Patent Appeals, May 1, 1933.

*Lawrence A. Harper* (*J. L. Klingaman* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*William Whynman* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument April 4, 1933, by Mr. Klingaman and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

Four protest cases arising at the port of Los Angeles, Calif., are here involved, they having been consolidated, and heard and decided together by the court below. The protests against the collector's classifications of the articles were overruled by that court and are before us upon an appeal. The importations were made under the Tariff Act of 1922.

Appellant's brief states that the articles consisted of "panels, art-glass windows, chandeliers, door panels, and a clock case."

The brief of the Government makes reference to them as glass doors, a glass window and a steel frame made therefor, three chandeliers of molded glass, and a glass clock.

The clock was classified by the collector under that portion of paragraph 368 of the Tariff Act of 1922 which reads:

PAR. 368. Clocks and clock movements, * * * 45 per centum ad valorem; and in addition thereto * * *; if without jewels in the escapement * * · * valued at more than $10 each, $3 each * * *.

All the other articles were classified and assessed under paragraph 218 of said act, the pertinent portion of which reads:

PAR. 218. * * * and all articles of every description not specially provided for, composed wholly or in chief value of glass * * * blown or partly blown in the mold or otherwise * * * decorated or ornamented in any manner * * * 55 per centum ad valorem; * * *.

The importer claims under paragraph 1704, or, alternatively, under paragraph 1449 of said act, the claimed pertinent portions of which paragraphs read:

PAR. 1704 [Free list]. * * * original sculptures or statuary * * * but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptures only. * * * cast in bronze or other * * * substance * * *.

PAR. 1449. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same; statuary, sculptures, or copies, replicas, or reproductions thereof; and etchings and engravings; all the foregoing, not specially provided for, 20 per centum ad valorem.

There were other alternative claims which are not here pressed and will be treated by us as having been abandoned.

There is no serious dispute concerning the basic facts. The articles were all produced in France by René Lalique, who is shown to be an artist, upon the order of Mr. Oviatt, one of the members of the importing firm, who testified:

* * * I wanted them all to be originals, something that had never been ordered before * * * something that had never been done before * * *.

They were apparently not imported to be sold, but for the purpose of adorning appellant's business house.

The designs seem to have been the joint production of Mr. Oviatt and the artist. We have before us illustrative exhibits in the form of photographs of the several articles. The record discloses that Judge Cline, who wrote the opinion of the court below, formally, and as a part of the trial procedure, viewed the articles in their positions in appellant's establishment at Los Angeles.

The clock is designed with representations of grapes and birds arranged in such manner as to surround the clockface. The chandeliers are said to depict the California palm tree. The door panels are 7 feet, 6 inches high, by 3 feet in width, and bear a design of angels, said to symbolize the city of Los Angeles, ringing the mission bells of California. There are also upon them the figures of two lions which form a part of the firm's crest. The window is stated to be sculptured to represent the importing trade (appellant's business), and it contains designs of California oranges, and also the lion figures of the crest. The panels of both doors and windows are composed of molded cold glass which is translucent, but not transparent.

All the articles are said to have been cast in bronze molds, which molds had to be destroyed in order to get the glass articles out.

The court below, basing its finding upon the evidence, held all the articles to be works of art, but found that all were also articles of utility. Hence it was held that they are expressly excluded from paragraph 1704, *supra*, by reason of the declaration of the paragraph, which declares:

* * * the words "painting" and "sculpture" and "statuary" as used in this paragraph shall not be understood to include any articles of utility * * *.

It was further held, upon the authority of numerous cited cases, that the articles do not fall within the provisions of paragraph 1449, *supra*, because "they belong to that class [of works of art] known

as the decorative and industrial arts rather than the free fine arts, * * *."

The opinion of the Customs Court says:

* * * On the record presented, we find that plaintiffs have failed to sustain their burden of proof, and that the evidence presented is not sufficient to overcome the presumption of correctness attaching to the collector's classification of this glassware.

Another timely excerpt from the opinion of the trial court is as follows:

In construing the phrase "works of art," as used in the various tariff acts, the United States Supreme Court and Court of Customs and Patent Appeals consistently have distinguished between works of art which belong to that class known as the free fine arts and those which properly are classified as decorative or industrial arts, and have held that the privileges extended by the tariff acts have been limited to the former class. Citing *United States* v. *Perry*, 146 U. S. 71; *United States* v. *Halle*, 6 Ct. Cust. Appls. 543, T. D. 36196; *United States* v. *Downing*, 6 Ct. Cust. Appls. 545, T. D. 36197; *United States* v. *Olivotti*, 7 Ct. Cust. Appls. 46, T. D. 36309; *Petry* v. *United States*, 11 Ct. Cust. Appls. 525, T. D. 39666. In more recent cases, the Court of Customs and Patent Appeals has held specifically that paragraph 1449 of the Tariff Act of 1922 applies only to importations which are shown to be examples of the free fine arts. Citing *Frei Art Glass Co.* v. *United States*, 15 Ct. Cust. Appls. 132, T. D. 42214; *United States* v. *Hensel*, 18 C. C. P. A. 297, T. D. 44504; *United States* v. *Diederich*, 19 C. C. P. A. 156, T. D. 45274; *Cassard Romano* v. *United States*, 19 C. C. P. A. 191, T. D. 45294; *Friedlaender* v. *United States*, 19 C. C. P. A. 198, T. D. 45295; and *United States* v. *Wanamaker*, 19 C. C. P. A. 229, T. D. 45336.

We have examined the several authorities cited by appellant with the result that we do not think them controlling in the case at bar, and we find no error in the decision of the court below.

That the clock and chandeliers involved are primarily articles of utility, although highly ornamented and made pleasing to the eye by artistic skill, is, we think, scarcely deniable, and, although there is argument on behalf of appellants to the effect that the door and window panels are not actually used as doors and windows, but have a strictly ornamental purpose, we may not overlook the fact that the trial court, after observing them in their respective places in appellant's establishment, reached a different conclusion.

The judgment of the United States Customs Court is *affirmed*.