(C. D. 107)

American Colortype Co. *v.* United States

United States Customs Court, Third Division

(Decided February 23, 1939)

*Puckhafer & Rode* (*John D. Rode* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Cline, Judge: In this suit against the United States the plaintiff claims that certain paintings are free of duty as "original paintings in oil" under paragraph 1807 of the Tariff Act of 1930 and are not dutiable at 20 per centum ad valorem under paragraph 1547 as "Works of art, including (1) paintings in oil" as classified by the collector of customs at the port of New York.

A director and export manager of the importing firm was called as a witness by the plaintiff and produced three prints or reproductions of the three paintings herein involved, which were received in evidence and marked "Illustrative Exhibits A, B, and C." The witness testified that he had been with the firm for twenty-five years; that he saw the three paintings covered by the importation before they were imported and also after they arrived in this country; that the paintings are now used for hanging on walls, one being in his own office and the others in the homes of the son of the person to whom they were sold; that the paintings were bought primarily for the purpose of reproducing them; that when the shipment arrived it had not been decided whether or not they would be used for reproduction but shortly thereafter it was found desirable so to use them; that halftone plates were made and the pictures were reproduced by a printing process for use on calendars.

The witness testified further that he personally purchased two of the paintings in London; that he had known the artist who painted them for twelve years and was familiar with his work; that the pictures were offered to him as originals in the presence of the artist; that he recognized the initials thereon and was familiar with such signature as he had seen it on other paintings by the same artist; that prior to the purchase he never had any conversation or gave any instructions about the subject matter or the style in which they were to be executed; that he did not purchase the painting represented by Illustrative Exhibit A, the title of which is "Those were the days," but instructed Osborne Co., Ltd., of London to see if a painting by the artist M. Dovaston was available; that he was informed of this one and the managing director of the Osborne Co., Ltd., negotiated for the purchase thereof; that he recognized the signature of the artist M. Dovaston which is on the painting as he was familiar with her work and had seen the same signature on other pictures by the same artist; that neither he nor any one under his supervision gave any instructions to the artist before the picture was painted and that there was no connection between the subject matter and the use for reproduction, as he purchases paintings because of their artistic value and the appeal the reproduction thereof will make.

The proper certificates of the artists and the importer, required by the customs regulations for free entry under paragraph 1807, were filed upon entry, and are attached to the invoices.

Counsel for the plaintiff contends in his brief that the decision in *Progressive Fine Arts Co.* v. *United States*, 18 C. C. P. A. 306, T. D. 44506, is controlling. In that case original paintings were imported and lithographic reproductions thereof made in the United States, after which the paintings were exported. The court held that, inasmuch as the artist did not produce the paintings for any utilitarian purpose, they were not articles of utility at the time of importation and the fact that they were subsequently used as such was immaterial. The court held the paintings to be free of duty under paragraph 1704 of the Tariff Act of 1922.

For the purpose of showing the kind and character of paintings that are considered to be articles of utility, the plaintiff draws attention to the decision in *Pitt & Scott* v. *United States*, 18 C. C. P. A. 326, T. D. 45584, wherein eight paintings in oil were claimed to be free of duty under paragraph 1704 of the Tariff Act of 1922. It appears that the artist who painted the pictures was directed to conceive, design, and execute paintings in oil to illustrate the characters and scenes in stories to be printed in a magazine. The artist read the script and made the paintings to illustrate the particular portions of the stories requested. Although one of the stories was never printed in the magazine and four of the paintings were consequently not used for the

purposes intended, the court held that all of them were articles of utility on the theory that the artist created them solely for utilitarian purposes upon the order and in accordance with the instructions from the importer.

The plaintiff draws attention to the fact that the paintings herein involved were not created upon the order or instructions of the importer but were made as original productions by the artists. It is evident, however, that the importer purchased them because he believed that they would be suitable for the purposes for which they were required by him.

The provision under which the plaintiff claims in this case is paragraph 1807 of the Tariff Act of 1930 which is substantially the same as paragraph 1704 of the act of 1922 except that it contains additional exceptions, namely, "drawing" and "sketch" and articles "for industrial use." The pertinent parts of the paragraph read as follows:

PAR. 1807. Original paintings in oil, * * *; and the words "painting," "drawing," "sketch," "sculpture," and "statuary" as used in this paragraph shall not be understood to include any articles of utility or *for industrial use* * * *. [Italics ours.]

While the court held in *Progressive Fine Arts Co.* v. *United States, supra,* that the words "articles of utility" in paragraph 1704 of the act of 1922 did not cover paintings which were not originally designed for utilitarian purposes, even though they were used for such purposes after importation, there is still involved herein the question of whether Congress intended that the new words in paragraph 1807 of the Tariff Act of 1930 "for industrial use" should have the same meaning as that held to apply to the words "articles of utility" in the previous act or should be considered as having a different meaning.

In the case of *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714, in considering whether the words "such" and "similar" in section 402 (b) of the Tariff Act of 1922 referred to the same or different merchandise, the court said at page 24:

* * * If the word "similar" means no more than the word "such," then there is no reason for it being used in the statute. To so construe it, is to lose sight entirely of the ordinary meaning of the word and to adopt a construction based upon the theory that Congress has employed useless and unnecessary language in drafting this act, which, under ordinary circumstances, we may not do. *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T. D. 41022. "Similar" merchandise must be construed as different from "such" merchandise in order to give this statute full effect. * * *

The same reasons used by the appellate court may be adopted in construing the language of the statute herein involved. If the words "for industrial use" mean no more than the words "articles of utility," there could be no reason for inserting the additional words "for industrial use" in the paragraph. Therefore, it must be held that the

new language "for industrial use" was intended to have a different meaning from the words "articles of utility," as construed in the case of *Progressive Fine Arts Co.* v. *United States, supra.*

Webster's New International Dictionary defines the word "industrial" as follows:

*Industrial.* 1. Relating to industry or labor as an economic factor, or to a branch or the branches of industry; of the nature of, or constituting, an industry or industries * * * ,

The transferring of the scenes on an oil painting to a printed copy is a branch of industry under the definition above quoted.

Some of the meanings of the preposition "for" signify intent, as shown by the following definition in the same dictionary:

*For.* 2. Indicating the end with reference to which anything is, acts, serves, or is done; as: a. As a preparation for; with the object of; in order to be, become, or act as; conducive to. * * *.

d. Intending, or in order, to go to or in the direction of.

Therefore, the words "articles for industrial use" in paragraph 1807 imply that Congress intended to exclude from that provision articles either purchased or imported with the intention to use the same in industry for manufacturing purposes. The record in this case establishes that the paintings were purchased and imported with intent to reproduce printed copies thereof for industrial use, and that they were so used after importation.

The part of the statute herein involved is comparable with that construed in the case of *E. Dillingham (Inc.)* v. *United States*, T. D. 43957, in which case the court settled the classification for duty purposes of a registered bull which was purchased and imported with intent to use the same for breeding purposes. The court held that it was free of duty under paragraph 1506 of the Tariff Act of 1922 under the provision for "Any animal imported by a citizen of the United States specially for breeding purposes," on the ground that the.statute related to the intent of the importer, although it was shown that the bull was not used for that purpose after importation but was sold for beef and used for food.

Counsel for the defendant contends in his brief that the plaintiff failed to prove that the paintings were originals and therefore they can not be classified under paragraph 1807. The collector did not raise that point in making his classification, and, in view of the construction of the provisions which we adopt, we deem it unnecessary to consider whether they are shown to be originals. We find that the articles were imported for industrial use and hold that they are excluded from paragraph 1807. The protest is overruled. Judgment will be entered in favor of the defendant.