(C. D. 292)

Tice & Lynch, Inc., et al. v. United States

United States Customs Court, Third Division

(Decided March 7, 1940)

*Walden & Webster* (*Jacob L. Klingaman* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Cline, Judge: These two suits against the United States, arising at the port of New York, were consolidated for trial at the time of hearing. They relate to the classification of certain drawings which were assessed with duty at the rate of 20 per centum ad valorem under the provisions of paragraph 1547 of the Tariff Act of 1930. It is claimed in the protests that the articles are free of duty as original drawings under paragraph 1807.

At the trial counsel for the plaintiffs limited the claim to certain drawings by Kate Greenaway and it was agreed between counsel that the articles were not imported for business or commercial purposes; that they have not been reproduced; that there is no intention to reproduce them; and that they are being used solely in homes. The drawings were produced for the inspection of the court but were withdrawn without being introduced in evidence. A written stipulation was introduced and marked Exhibit 1. It contains the following facts:

1. The merchandise consists of pen and ink drawings.
2. The drawings are original productions of Kate Greenaway and were not made wholly or in part by stencilling or any other mechanical process.
3. Kate Greenaway was a professional artist.
4. The drawings are of such a character that they can not be used in the United States as designs in the manufacture of textiles, floor coverings, wall paper, or wall coverings, or for any other industrial or utilitarian use except as mentioned in paragraph 5.

5. These drawings can be used for book illustration but only to illustrate the story for which they were originally created.

6. These and other drawings of Kate Greenaway are prized by collectors or connoisseurs of drawings of this type or character and such was the case at the time of importation.

The collector made no report to the court and the reasons for his assessment under paragraph 1547 must be assumed from the statements made in plaintiffs' and defendant's briefs and the facts stated in paragraph 5 of the stipulation, that is, that the drawings were originally created to illustrate a story.

The plaintiffs contend that since the collector classified the drawings as works of art, which precludes their being articles of utility, and the record shows that they are originals, they fall within the provisions of paragraph 1807, citing *United States* v. *Olivotti & Co.*, 7 Ct. Cust. Appls. 46, T. D. 36309, and *United States* v. *Hensel, Bruckmann & Lorbacher*, 18 C. C. P. A. 297, T. D. 44504.

The defendant contends that the decision in *Pitt & Scott* v. *United States*, 18 C. C. P. A. 326, T. D. 44584, is controlling in this case. In that case certain original paintings in oil were created for the express purpose of illustrating the characters and scenes in stories to be printed in a magazine. The artist read the script and made the paintings to illustrate the particular portions of the stories requested. Although one of the stories was never printed and four of the paintings were consequently not used for the purpose intended, the court held that all of them were articles of utility on the theory that the artist created them for a utilitarian purpose upon the order and in accordance with the instructions from the importer. The court held that the paintings were excluded from paragraph 1704 of the Tariff Act of 1922 by the provision contained therein stating "and the words 'painting' * * * as used in this paragraph shall not be understood to include any articles of utility." Paragraph 1807 is the correlative provision in the Tariff Act of 1930.

In *United States* v. *Olivotti & Co.*, *supra*, the court held that a marble font having leaves carved thereon and certain marble seats or chairs having lions' heads and paws carved thereon by professional sculptors were not sculptures or works of art within the provisions of paragraph 376 of the Tariff Act of 1913. The court held the articles were objects of industrial art rather than free fine arts. The same conclusion was reached in *United States* v. *Hensel, Bruckmann & Lorbacher*, *supra*. There is nothing in either decision which indicates that the court was of opinion that no article of utility can be classed as a work of art. Manifestly a painting or a drawing created for a utilitarian purpose is a work of art when, as stated in *United States* v. *Olivotti & Co.*, *supra*, "the utilitarian achievement of the artisan is lost in the realized sentiment of the artist." The paintings in the case of *Pitt & Scott* v.

*United States, supra,* were created for a utilitarian purpose, yet the court held that they were dutiable under the provisions for works of art in paragraph 1449 of the Tariff Act of 1922. The court said:

We think that the phrase "articles of utility" should be given a very liberal construction, because we believe that Congress had in mind, in providing for free entry of original paintings but excluding articles of utility, only such paintings as were designed in their creation to be used solely in such a way as to appeal to the esthetic sense in the observer of the same, and that a painting conceived and created solely for a utilitarian purpose, and which is not designed as a means in itself of exciting the emotions of the observer, does not come within the provision of paragraph 1704, but is excluded therefrom by the phrase "articles of utility." * * *

As pointed out in the decision in *American Colortype Co.* v. *United States,* C. D. 107, Congress added exceptions in paragraph 1807 of the Tariff Act of 1930 not contained in paragraph 1704 of the Tariff Act of 1922 by inserting the words "drawing" and "sketch" in the phrase in paragraph 1704 reading "and the words 'painting' and 'sculpture' and 'statuary' as used in this paragraph shall not be understood to include any articles of utility" and by adding also the words "or for industrial use." The new provision reads:

* * * and the words "painting," "drawing," "sketch," "sculpture," and "statuary" as used in this paragraph shall not be understood to include any articles of utility or for industrial use * * *

The court in that case construed this provision to mean that articles purchased or imported for industrial use were excluded from the provisions of paragraph 1807.

It is manifest from the record in this case that the drawings herein involved were created to illustrate a story, that is, they were created for a utilitarian use, and, although they are originals, under the decision in *Pitt & Scott* v. *United States, supra,* they are dutiable at 20 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930. The protest is overruled. Judgment will be entered in favor of the defendant.