(C. D. 517)

WHITMAN PUBLISHING CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided June 17, 1941)

*G. W. R. Wallace; Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh, Daniel G. McGrath*, and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain water color paintings which were classified as manufactures of paper and assessed with duty at the rate of 35 per centum ad valorem under paragraph 1413 of the Tariff Act of 1930. The plaintiff claims that the articles are dutiable at 15 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930 as amended by trade agreement. The tariff provisions involved read as follows:

PAR. 1413. * * * manufactures of paper, or of which paper is the component material of chief value, not specially provided for, all the foregoing, 35 per centum ad valorem; * * *

PAR. 1547 (a) as amended by trade agreement with the United Kingdom (T. D. 49753). Paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same, all the foregoing which are works of art, not specially provided for, 15% ad val.

The first trial of this case was held in Milwaukee where Mr. Lloyd D. Smith, editor of the importing firm, was called as a witness for the plaintiff. He produced sixteen water color paintings and testified that they constitute the entire shipment. The paintings were received in evidence and marked "exhibits 1 to 16." The witness testified that the paintings were purchased for the purpose of using them as illustrations in picture books for children, although they had not yet been used; that they were painted by Beatrice Mallet; that they ordered her to make them in a certain size but no story was submitted to her for illustrations; that she could create whatever designs she wished and the story to be produced would be adjusted to fit the pictures.

The plaintiff then called three experts on the subject of art. They all testified that the exhibits belong to the class of fine arts. Two of them said they were of the free fine arts but the third witness testified that he was not familiar with that term. The case was transferred to New York where the plaintiff called three additional experts on paintings and works of art who testified that in their opinion the exhibits belong to the class of free fine arts. One of the witnesses, Mr. Georges Duplaix, testified that Beatrice Mallet is an artist whose paintings have been exhibited in various salons and galleries in Paris, France.

The defendant called three experts on the subject of paintings and works of art who testified that in their opinion the exhibits belong to the class of commercial art rather than fine art basing their opinion on the fact that they are designed to be used for reproduction, although they admitted on cross-examination that paintings of this kind are sometimes exhibited in art galleries and museums. One of the defendant's witnesses had never heard of the term "free fine art." Two of these witnesses testified on cross-examination that the exhibits were "nice in design" or "good in design" and that they were intelligently conceived.

In rebuttal, the plaintiff called two additional experts who testified that in their opinion the exhibits were works of art and that the fact that they were designed for use in making reproductions for book illustrations did not change the classification thereof.

All of the expert witnesses who testified were qualified to give an opinion as to whether or not the paintings were works of art and their testimony was not weakened on cross-examination.

We find that the weight of evidence supports the plaintiff's claim that the water color paintings in this case are works of art, and, in fact, works of the free fine arts. The term used in the trade agreement is "works of art" but that term has been interpreted by the courts as meaning "works of the free fine arts." *United States* v. *Olivotti & Co.*, 7 Ct. Cust. Appls. 46, T. D. 36309. The fact that they were

conceived and designed by a professional artist for use in producing reproductions for illustrations in books does not change their classification as works of art. Such paintings are eliminated from paragraph 1807 because they were imported for industrial use but they are not excluded from paragraph 1547 (a) as amended by the trade agreement.

In the case of *Pitt & Scott* v. *United States*, 18 C. C. P. A. 326, T. D. 44584, paintings in oil which were created for the express purpose of illustrating the characters and scenes in stories to be published in a magazine were held dutiable under paragraph 1449 of the Tariff Act of 1922 which is the predecessor to paragraph 1547 (a) of the Tariff Act of 1930. That authority has been followed in numerous cases by this court, citing *B. Altman & Co.* v. *United States*, 68 Treas. Dec. 1146, Abstract 32636; *American Colortype Co.* v. *United States*, 2 Cust. Ct. 132, C. D. 107; *Tice & Lynch, Inc., et al.* v. *United States*, C. D. 292. In the case of *Progressive Fine Arts Co.* v. *United States*, 18 C. C. P. A. 306, T. D. 44506, paintings which were imported for the purpose of reproduction but were not originally designed for that purpose were held free of duty as original paintings.

The articles herein involved are more specifically provided for as water color paintings which are works of art than as manufactures of paper and we hold that they are dutiable at 15 per centum ad valorem under paragraph 1547 (a) as amended by the trade agreement with the United Kingdom published in T. D. 49753. The protest is sustained. Judgment will be entered in favor of the plaintiff.