BEFORE THE THIRD DIVISION,  JULY 10, 1942

**No. 47388.**—Protest 42618–K of Daniel F. Young, Inc. (New York).

Opinion by CLINE, J.   The merchandise is described on the invoice as "Book Kate Greenway with 72 original drawings (Binding over 20 years old)."   At the trial a buyer of works of art for the Wakefield Book Shop, the importer in this case, testified that she personally bought the merchandise in London at Spencer's, a dealer in works of art, books, and drawings.   After testifying as to her education and experience along the lines of art she stated that Kate Greenway was an artist, particularly of children, children's portraits, children's scenes, etc.; that several exhibitions of Kate Greenway's works have been held in London, the first in 1891 in the Royal Academy; that she had produced things which were for illustrative use and had written books in which her drawings appeared as illustrations; that she had produced works of the free fine art which were not used for illustrative or utilitarian purposes; that she [the witness] had sold the shipment in this country to an art collector; that from her education and experience she was of the opinion they had not been used for illustrations; that they were unfinished, although signed with the artist's initials, and they were clean and new and showed no signs of having had "wood blocks or things of that sort made from them"; that from her study of Kate Greenway's works she had never seen any of these particular drawings used as illustrations; and that in the condition as imported, she believed they could not be used for illustrative or industrial purposes.   On cross-examination she testified that besides making drawings for illustrations in her own books, Kate Greenway had made illustrations for books written by other people.   On redirect examination she testified that she could see no reason to believe that these drawings were created for industrial or illustrative uses and did not believe that they were.   The protest did not challenge the classification of the

collector on the binding which was separated by the appraiser from the drawings for classification purposes. The court was of the opinion that the uncontradicted testimony in the instant case was sufficient to make out a *prima facie* case as the evidence contradicts the collector's finding that the drawings are articles for industrial use or that they were created as articles of utility. The court therefore found that the drawings herein involved are originals and were not created or used for illustrations or as articles of utility or for industrial purposes and that they are entitled to free entry under paragraph 1807 as claimed. *Tice & Lynch* v. *United States* (4 Cust. Ct. 84, C. D. 292) distinguished.