**No. 49289.**— Protest 993104–G of W. X. Huber Co. (Los Angeles).

Opinion by CLINE, J. At the trial plaintiff introduced as exhibit 1 a broken figure described on the invoice as "Peking carved ivory lady, 1007 L." and it was stipulated that all of the items described on the invoice as "ivory ladies" are valued at not less than $2.50 each. However, there were two items on the invoice, other than 1007 L, described as ivory ladies. The plaintiff called one witness but no testimony was introduced tending to show that he was an artist or sculptor or that he had any qualifications as an expert on works of art. Various cases were cited by the plaintiff. On examination the court found that some of the cases covered ivory figures but that expert testimony was introduced therein showing that the articles possessed artistic merit. The defendant cited various cases, among which was *United States* v. *Olivotti* (7 Ct. Cust. Appls. 46, T. D. 36309), which decision construed paragraph 376 of the Tariff Act of 1913, which corresponds with paragraph 1547 of the present act. No case, however, was cited in which the court, in the absence of expert testimony, took judicial notice that imported articles were sculptures which were works of the free fine arts. The protest was therefore overruled.

**No. 49290.**—Protest 808013–G of Herbst Bros. (New York).

Opinion by CLINE, J. The bags which were the immediate containers were marked by means of sewed-on tags which contained the word "France." The collector required that the word "France" be stenciled on the bags before they were released from customs custody. On the record it was held that the plaintiff had not produced evidence sufficient to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled. Abstracts 48555 and 48556 cited

**No. 49291.**— Protest 795438–G of Herbst Bros. (New York).

Opinion by CLINE, J. At the trial counsel for the plaintiff moved in evidence the appraiser's answer to the protest and the report of the customs inspector. The appraiser reported that the onion seed in question was in tin cans inside of wooden cases; that the outside cases were legally marked, but that the tins, which were the immediate containers of the seed, were marked in the Spanish language. The report of the customs inspector appeared to be a carbon copy of a letter showing that the contents of the cases were marked "Canary Island, Spain" after importation. Since it has been held in numerous cases that the marking in a foreign language does not comply with the provisions of section 304 the protest was overruled. Abstracts 39754 and 48561 cited.

**No. 49292.**— Protests 53838–K, etc., of L. Batlin & Son et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.