(C. D. 1566)

. SAMUEL SHAPIRO & COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 10, 1953)

*Tompkins .& Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: These are protests, consolidated at the trial, against the collector's assessment of duty on four carved marble urns and one carved wooden urn. The marble urns were assessed at 25 per centum ad valorem under paragraph 232 (d) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as manufactures of marble, and the wooden one at 16⅔ per centum ad valorem under paragraph 412 of the said tariff act, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation of May 13, 1950, T. D. 52476, as manufactures of wood. It is claimed that all of the articles are entitled to free entry under paragraph 1807 of the said tariff act as original sculptures, or are dutiable at 10 per centum ad valorem under paragraph 1547 (a) of said tariff act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as copies of works of art. The protests were abandoned as to all other items.

The pertinent provisions of the tariff act are as follows:

PAR. 1807. Original paintings in oil, * * * original sculptures or statuary, including not more than two replicas or reproductions of the same; but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptors only, whether in round or in relief, in bronze, marble, stone, terra cotta, ivory, wood, or metal, or whether cut, carved, or otherwise wrought by hand from the solid block or mass of marble, stone, or alabaster, or from metal, or cast in bronze or other metal or substance, or from wax or plaster, made as the professional productions of sculptors only; and the words * * * "sculpture," and "statuary" as used in this paragraph shall not be understood to include any articles of utility or for industrial use, nor such as are made wholly or in part by stenciling or any other mechanical process; * * *. [Free.]

PAR. 232 (d) [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. Marble, breccia, and onyx, wholly or partly manufactured into monuments, benches, vases, and other articles, and articles of which these substances or any of them is the component material of chief value, not specially provided for, 25% ad val.

PAR. 412 [as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation of May 13, 1950, T. D. 52476]. Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other * * *_____ 16⅔% ad val.

PAR. 1547 (a) [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. Works of art, not specially provided for:

Paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same, 10% ad val.

At the trial, the importer, Charles Mason Remey, testified that he had ordered the five articles to be produced for placement in a family mausoleum, which he is building at Pohick Church in Washington. The four marble pieces were made by Gabbrielli Donatello, a professional sculptor of Florence, Italy, and the wooden one by Giuseppe Maioli, a professional wood carver or sculptor in wood, also of Florence, Italy. Mr. Remey stated that the marble urns, so-called, were not urns in the sense that they could contain anything, but each was a solid block of marble with carvings in bas-relief on three sides, representing scenes from the life and martyrdom of a saint—St. Peter, St. Paul, St. Andrew, and St. Stephen, respectively. The witness testified that he had told the sculptor that he wanted carvings showing outstanding events in the lives of each of those saints and that the sculptor first made sketches, which he approved, and then made clay models and plaster casts before carving the marble. Mr. Remey stated that Mr. Donatello has a fine reputation as a professional sculptor and that he had seen him do part of the work on these urns. He regarded them as objects of art and stated that they were not intended and could not be used for any utilitarian purpose because they were solid blocks.

Sketches of the urns were received in evidence as plaintiff's exhibit 1. Four sketches depict square blocks, with carvings of human figures on three sides, and an additional sketch shows a square block mounted upon a base and having a similar piece on the top. Evidently, the latter represents the form of the urn when completed.

Mr. Remey testified that the wooden urn was a memorial to a child and that he had instructed the wood carver, Maioli, to carve pictures on the four sides showing children playing and a central picture of Christ blessing the children. He stated that the work was the original creation of the artist and that he had approved the sketches and had seen him do some of the carving.

A sketch of the article was received in evidence as plaintiff's exhibit 2. The article appears to be an oblong block with carved panels and other decorative work, which is mounted on a base with legs or columns and has a cover or top piece. Mr. Remey explained that the object was hollow inside, because it could not be made of solid wood, but that the top was fastened down and was not to be removed. He stated that the article had no practical purpose.

Mr. Remey testified that all of the five urns were original creations and not copies and that the urn form carried the sculptor's work.

It was conceded by the Government that customs regulations had been complied with as to all of the articles under consideration.

It is apparent from the evidence presented that the five urns were the professional productions of sculptors and were not articles of utility or for industrial use. The carving in bas-relief on each of the urns was the original conception of the sculptor who produced it. The fact that suggestions as to subject matter were made by the importer does not detract from the originality of the work. *Wm. S. Pitcairn Corp.* v. *United States*, 39 C. C. P. A. (Customs) 15, C. A. D. 458; *Samuel Shapiro & Co., Inc., a/c Charles Mason Remey* v. *United States*, 28 Cust. Ct. 191, C. D. 1409. Although the form of an urn has been used in each case as support or background for the artistic work, it is obvious that the chief value is in the carved figures thereon and that none of the articles has a utilitarian purpose. They are, therefore, classifiable as sculptures rather than as manufactures of marble or wood. *United States* v. *Baumgarten & Co.*, 2 Ct. Cust. Appls. 321, T. D. 32052; *Stern* v. *United States*, 3 Ct. Cust. Appls. 124, T. D. 32381. Since they are original conceptions of professional sculptors, they are entitled to free entry under paragraph 1807 of the Tariff Act of 1930.

We hold, therefore, that the five urns involved herein are entitled to free entry under paragraph 1807 of the Tariff Act of 1930 as original sculptures. To that extent, the protests are sustained. As to all other items, the protests, having been abandoned, are overruled. Judgment will be rendered accordingly.