No. 62476.—Forest Lawn Co. and H. H. Elder & Co. v. United States, protest 282048–K (Los Angeles).

DONLON, Judge: Plaintiffs contend that two objects of marble statuary, imported from Italy and described as "Kneeling Woman" and "Praying Child," are original sculptures or statuary within the free entry provision of paragraph 1807 of the Tariff Act of 1930. The collector at Los Angeles classified these imports under paragraph 1547 of the Tariff Act of 1930, as works of art, not specially provided for, and specifically as "statuary—valued at not less than $2.50," dutiable at the modified rate of 10 per centum ad valorem, as provided in the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, effective May 28, 1950, T. D. 52476.

Certain articles which plaintiffs' counsel describes as a marble base for "Kneeling Woman" and a slab used with the "Praying Child" were part of the statuary importations. These the collector classified as part of the respective pieces of statuary. There is no separate issue before us as to these articles.

Two of several photographs, which were attached to the official papers, were received in evidence as plaintiffs' exhibits 1 and 2. They are said to be pictures of the imported statues. No other documents were placed in evidence, and neither party offered any testimony. There are, however, certain stipulations of fact, which were proposed by plaintiffs and agreed to by defendant.

It was stipulated as follows:

\* \* \* that the original "Kneeling Woman" and "Praying Child" are sculptures in plaster, made by a recognized artist in approximately 1850, and are now in the Museum Cenec Ghirandaio in Florence, Italy. \* \* \* that the "Kneeling Woman" and "Praying Child", covered by the invoice in this protest, are sculptures in Carrara Marble, made by a recognized artist in 1953, who used the above plaster statues as models. (R. 2.)

It was also stipulated "that the bases are entireties with the statues." (R. 2.)

After trial, by submission in writing which was accepted by the court, the parties stipulated further:

That the marble statues "Kneeling Woman" and "Praying Child" covered by the invoice in this protest are not articles of utility or for industrial use and further that these statues are professional productions of sculptors.

The issue before us simmers down to this: Are these pieces of statuary, produced in marble in 1953 by a professional sculptor, using as his models the plaster sculptures of 1850, *original* sculptures or statuary within the meaning of paragraph 1807.

Plaintiffs' brief argues the broad proposition that "as the statues here in question are the result of a professional sculptor's conception in marble of objects of art in plaster, they come within the test of originality as laid down by the courts." Defendant argues that these pieces of marble statuary are merely copies of original plaster models. Both parties cite a long line of cases, including *Samuel Shapiro & Co.* v. *United States*, 63 Treas. Dec. 1350, Abstract 23339; *Baldwin Shipping Co.* v. *United States*, 12 Ct. Cust. Appls. 128; *Samuel Shapiro & Co., Inc., a/c Charles Mason Remey* v. *United States*, 28 Cust. Ct. 191, C. D. 1409; *Forest Lawn Memorial Park* v. *United States*, 29 Cust. Ct. 224, C. D. 1472.

The test of originality which is laid down in the cited cases is whether the artist who executed the sculpture or statuary exercised his own esthetic imagination and artistic conception in creating the work. The dispute here is not as to this test, but rather as to its application to the facts of record.

The *Shapiro* case concerned a life size family group painting in oil. Free entry was claimed under paragraph 1704 of the Tariff Act of 1922, which was the same

(in this respect) as paragraph 1807 of the 1930 act. It was held that neither the fact that one member of the family posed for the artist, nor the fact that the artist had before him photographs of the other members of the family, barred originality.

In the *Baldwin* case, it was held that marble statues made in the likeness of photographs were, nevertheless, original sculptures or statuary under the Tariff Act of 1913.

The *Remey* and *Forest Lawn* cases construed paragraph 1807 of the Tariff Act of 1930. In the *Remey* case, the sculptor was guided by photographs and verbal description of the subjects. In the *Forest Lawn* case, the sculptors of marble statues were guided, in one instance by a photograph, and in the other instance by a painting.

There is nothing in the cited precedents to support the notion that the mere copying of a work of art in a different medium is such an *original* artistic conception as to entitle the copy to free entry under paragraph 1807. The facts here stipulated (and they are the only facts before us) show that the 1953 sculptor used the works of the 1850 sculptor as "models."

The word "model" serves to designate a person who poses for a portrait, but it is not the use of the model to which originality in the finished portrait is ascribable. Rather, it is what the artist did in giving to the finished work of art his own original artistic and esthetic conception of the subject he is portraying. If the 1953 sculptor of these statues has given to his marble sculptures his own original artistic conception of the subjects originally conceived and executed by the 1850 sculptor, there is no proof of that fact before us.

In rejecting plaintiffs' argument for extension of *original* sculptor status to what is a mere reproduction in a different medium, we are mindful of the cautious note that was sounded by our court of appeals in *United States* v. *J. E. Bernard & Co., Inc.*, 17 C. C. P. A. (Customs) 475. There, the importer claimed free entry, under paragraph 1704 of the Tariff Act of 1922, for certain panorama paintings that were copied and enlarged from miniature reproductions of antique wallpaper. The importer relied on the *Baldwin* case, *supra*. Holding that the panorama paintings were copies of the wallpaper miniatures and not original paintings, our appeals court distinguished the *Baldwin* case.

Plaintiffs' proofs have failed to overcome the presumption of correctness that attaches to the liquidation. The protest is overruled. Judgment will be entered accordingly.