(C.D. 3979)

H. H. Elder & Co.
Forest Lawn Co. } *v.* United States

United States Customs Court, Third Division

(Decided March 12, 1970)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.

*William D. Ruckelshaus*, Assistant Attorney General (*Brian S. Goldstein*, trial attorney), for the defendant.

Before Richardson, Landis, and Rosenstein, Judges

Landis, Judge: Plaintiffs contend that a bust of George Washington, imported from Italy, should be free of duty under TSUS (Tariff Schedules of the United States) item 765.15 or, alternatively, dutiable at 8 per centum ad valorem under TSUS 513.51. Customs at Los Angeles assessed the bust at 21 per centum ad valorem under TSUS 514.81. Those items involve the following TSUS classifications:

Classified under:

Schedule 5, part 1, subpart C:

>Marble, breccia, and onyx, and articles of one or more of these substances:
>
>\*　　\*　　\*　　\*　　\*　　\*　　\*

514.81　　Other, not specially provided for_____　　21% ad val.

Claimed under:

Schedule 7, part 11, subpart A:

765.15　　Original sculptures and statuary (including the first 10 castings, replicas, or reproductions made from a sculptor's original work or model with or without a change in scale and whether or not the sculptor is alive at the time the castings, replicas, or reproductions are completed), all the foregoing made in any form from any material as the professional production of sculptors only, whether in round or in relief, and whether cut, carved, or otherwise wrought by hand or cast_____　　Free

Alternatively claimed under:

Schedule 5, part 1, subpart C:

513.51　　Stone statuary and sculptures not specially provided for, the professional productions of sculptors only_____　　8% ad val.

Plaintiffs, on trial, abandoned protest claim under TSUS item 765.07. (R. 3.)

The facts are not in dispute. The bust of George Washington was commissioned by Forest Lawn Memorial Park, Hollywood Hills, California, as part of its plan to reproduce in the park the setting of the Old North Church, Boston, Massachusetts. That church, historically associated with the midnight ride of Paul Revere, features a bust of George Washington.

Mr. Enzo Pasquini, a professional sculptor (R. 16), sculptured the bust out of marble, under instructions to produce a bust that would look like the one in the Old North Church, as depicted in a kodachrome color slide picture of the bust (exhibit 1), and a black and white blow up of a postcard picture (exhibit 2) of the bust, both purchased at the Old North Church and sent to him.

Mr. Pasquini produced a clay model of the bust; sent pictures of the clay model to Forest Lawn for approval (exhibit 3); Forest

Lawn suggested some refinements in the mouth to make it more in the character of Gilbert Stuart's portrait of George Washington; Mr. Pasquini next cast the clay model in plaster, and from the plaster model he "pointed" (pantographed) and sculptured the bust in marble. Photographs of the bust are in evidence (exhibit 4). Apparently no one knows the name of the person who produced the bust of George Washington in Old North Church, Boston.

The issue is whether the imported bust, produced by a professional sculptor to resemble, as closely as he could make it, the bust depicted in photographs sent him, is an original sculpture or reproduction of an original sculpture within the meaning of TSUS item 765.15. That tariff item "covers so-called works of the free fine arts" and is a carry over from paragraph 1807 of the 1930 Tariff Act. (Tariff Classification Study, Schedule 7, page 419.)

We find that this record suffers from the same disabilities as the record in *Forest Lawn Co. and H. H. Elder & Co.* v. *United States*, 41 Cust. Ct. 411, 412, Abstract 62476 (1958), involving marble sculptures produced by a professional sculptor in 1953, using models cast by a recognized artist in approximately 1850, claimed to be free of duty under paragraph 1807.

What this court said there is equally applicable to this record, as follows:

> The test of originality which is laid down in the cited cases is whether the artist who executed the sculpture or statuary exercised his own esthetic imagination and artistic conception in creating the work. The dispute here is not as to this test, but rather as to its application to the facts of record.
>
> \*    \*    \*    \*    \*    \*    \*
>
> The word "model" serves to designate a person who poses for a portrait, but it is not the use of the model to which originality in the finished portrait is ascribable. Rather, it is what the artist did in giving to the finished work of art his own original artistic and esthetic conception of the subject he is portraying. If the 1953 sculptor of these statues has given to his marble sculptures his own original artistic conception of the subjects originally conceived and executed by the 1850 sculptor, there is no proof of that fact before us.

Without some competent proof, we have no way of knowing how much, how little or, indeed, if Mr. Pasquini introduced any of his own original artistic conception into the imported bust. On this record, he did what he was commissioned to do, made a bust to look, as nearly as he could make it, like the bust depicted in the pictures sent to him.

Since there is also no proof that the bust of George Washington in Old North Church, Boston, is itself an original sculpture and work of art in the tradition of the free fine arts in that medium, there is no basis

upon which we can find that the imported bust is a reproduction of an original sculpture, *United States* v. *John Wanamaker*, 19 CCPA 229, T.D. 45336 (1931), let alone a reproduction of a work of art, made from the sculptor's original work or model, as the law provides.

We agree with defendant's counsel that, on this record, the imported bust is "at best" properly dutiable under TSUS item 513.51 as the professional production of a sculptor, not specially provided for, that is, not shown to incorporate the esthetic imagination and artistic conception found in works of the free fine arts.

The protest claim under TSUS item 513.51 is sustained. The claim under TSUS item 765.15 is overruled and the claim under TSUS item 765.07 is dismissed.

Judgment will be entered accordingly.